In the Matter of the Application of the BOARD OF TRANSPORTATION OF THE CITY OF NEW YORK, Acting for and on Behalf of THE CITY OF NEW YORK, Pursuant to Chapter 4 of the Laws of 1891 and the Several Statutes Amendatory Thereof

and Supplemental Thereto Relative to Acquiring for the Construction and Maintenance of a Municipal Rapid Transit Railroad Certain Real Property and Interest in and to the Bed of Any Water Course, Slip, Basin, Street, Road or Avenue Open or Proposed in Front or Adjoining and Pertaining Thereto, Situate on Gowanus Canal and Ninth Street, in the Borough of Brooklyn, City of New York, Route 109, Section 30, Proceeding 2. CRANFORD COMPANY, Owner of Damage Parcel No. 116, Appellant; BOARD OF TRANSPORTATION OF THE CITY OF NEW YORK, Respondent.— Appeal from an award made in a condemnation proceeding. Final decree, in so far as an appeal is taken, reversed on the law and the facts, with costs to the appellant, and proceeding remitted to the Special Term for reconsideration of proof and the taking of further proof, if necessary in the opinion of the justice presiding at Special Term, and for the making of a new award. In our opinion, the sum of $160,000 is inadequate as a matter of law. Assuming, but not deciding, that the estimates of the city are not inadequate as a matter of law, but treating them, for the purposes of this appeal, as representing, generally, the minimum sums which would be compensable, the errors and omissions in such estimates account for a sum greater than the difference between them and the amount of the award. There should have been no deduction from land value of the damage parcel for reserve parcel value, particularly as the reserve parcels, in so far as they furnish access, control the estimate of consequential damage. Failure of the city's estimator to base his computations upon plans of the structures within the damage parcel resulted in substantial errors. In the light of all the proof, particularly with respect to lack of depreciation, and that of the city's witness Tompkins, an allowance of $2,450 for the bulkhead was inadequate. Compensable items omitted from the city's estimate of direct taking included paving, sewer and pipe, and from the city's estimate of consequential damage, the cost of paving one reserve parcel and electrical service connection. In view of the nature of the city's structure and the taking of all of claimant's frontage on the sole highway to which it had access, a ten per cent allowance of land value for consequential damage was inadequate. The easements reserved to the claimant in the three reserve parcels are valid, as the intention to carve them out of the estate taken is manifest. The total award should be classified by the Special Term so as to show the sums allowed for direct taking and consequential damage and should also be subdivided under these classifications, at least in a general way, so as to enable a review thereof with understanding of the manner in which the total award was determined. The city's estimate of sound value of office building, garage, metal storage building and machinery, including truck scale and pump, appears to be the sum of $33,846.41 rather than the sum of $30,064.11, set forth in its summary. Hagarty, Davis and Close, JJ., concur; Carswell and Adel, JJ., concur in result.