■    In the Matter of CITY OF NEW YORK, Appellant-Respondent, Relative to Acquiring Title to Real Property Required For Street Purposes to Oakland Street from Bayard Street, and Other Streets, in the Borough of Brooklyn.   NEWOAK REALTY Co., INC., et al., Respondents-Appellants.— In a condemnation proceeding, the appeal is from so much of the third and last separate and final decree as contains awards for damage parcels 32, 33, and 34. Decree insofar as appealed from reversed, without costs, and matter remitted to the Special Term for the limited purpose of making a decision pursuant to section 440 of the Civil Practice Act.  It would be helpful to a final determination of the issues if the Special Term would make a new decision to include specific findings as to the sums allowed for direct taking, consequential damage, and for fixtures, together with an indication as to which items were held to constitute fixtures.  (*Matter of City of New York [Whitlock Ave.]*, 278 N. Y. 276, 283; *Matter of Board of Transp.*, 254 App. Div. 576, 577.)    Beldock, Acting P. J., Ughetta, Christ, Pette and Brennan, JJ., concur.

■    In the Matter of WILLIAM KARL, Respondent, against JOHN McKENZIE, JR., et al., Constituting the Board of Zoning Appeals of the Village of Northport, Appellants.— In an article 78 proceeding, the members of the Board of Zoning Appeals of the Village of Northport appeal from an order which annuls their determination and directs them to issue a permit for the construction of an addition to a building, for use as an enlarged dining room.  The subject premises are situated in a Residence District under the local zoning ordinance.   Order reversed on the law, without costs, and the petition dismissed, without costs. No findings of fact were made by the Special Term.  Respondent's application to appellants was for permission to extend a nonconforming use.  Appellants denied the application on the ground that no evidence was presented of practical difficulties and unnecessary hardship, as required by the local village ordinance (art. K, § 3b(2); art. G, § 2).  The record sustains the holding that there was no evidence of difficulties and hardship, and consequently appellants were without power to grant the application.  There is no merit to respondent's contention that no proof of difficulties and hardship was essential inasmuch as appellants, at two earlier times, had granted permission to respondent to make certain enlargements of the building.  Beldock, Acting P. J., Ughetta, Christ, Pette and Brennan, JJ., concur.