In the Matter of the Application of THE CITY OF NEW YORK, Relative to Acquiring Title to All of the Lands and Premises Together with the Buildings and Appurtenances Thereunto Belonging within the Area Generally Bounded by the East Line of Fulton Street, and Its Southerly Prolongation, the South Line of Prospect Street and Its Westerly Prolongation, and the West Line of Washington Street and Its Southerly Prolongation, as These Streets Were Shown on the Map or Plan of The City of New York on May 23, 1935, so as to Provide for a Single Street between the Easterly Line of Washington Street and the Westerly Line of Fulton Street and between the Northerly Line of Prospect Street and the Northerly Line of Myrtle Avenue and to the Triangle of Land at the Intersection of the East Line of Clinton Street and the West Line of Fulton Street Extending Southerly 54.6 Feet on Clinton Street and 56.2 Feet on Fulton Street; Excepting Therefrom the Lands Formerly Acquired by The City of New York or Its Predecessors and Subject to the Rights of the New York Rapid Transit Corporation and the Brooklyn and Queens Transit Corporation, to Use for Railroad Purposes Two Parcels of Land within the Area Hereinbefore Described, Now Used for Such Purposes until Such Time as The City of New York Makes Other Provisions for the Operation of the Respective Railroad Lines Such as Are Satisfactory to the Respective Railroad Companies, in the Borough of Brooklyn, City of New York. THE CITY OF NEW YORK, Appellant; HAROLD R. WOOLHISER, Respondent.

Second Department, March 5, 1937.

*William S. Gaud, Jr.* [*Paul Windels, Corporation Counsel, Paxton Blair* and *Matthew B. Price* with him on the brief], for the appellant.

*Henry Herz* [*Isaac E. Bermant* ·with him on the brief], for the respondent.

PER CURIAM. In this condemnation proceeding respondent, a tenant, was allowed compensation for machinery and equipment used by him in his printing business. The machinery included presses and machines which were fixed in position by screws and bolts and operated by specially built power circuits. The equipment included electrical outlets and power circuits, and shelving affixed to the walls, as well as other articles ordinarily used in the printing business, such as cabinets, fonts of type, chases, typesetting sticks, racks, etc. Respondent's expert appraised the value of all the machinery and equipment at $11,418.63, and the city's expert at $5,158.60. The court awarded $7,000 without specifying whether the award covered all or part of the machinery and equipment. These articles last referred to are personal property and readily removable from place to place, and respondent would not be entitled to compensation for them. Compensation may be awarded only for those chattels which, if installed by the owner, ordinarily would pass to a purchaser of the fee. (*Matter of City of New York* [*Sixth Ave.*], 256 N. Y. 598; *Matter of City of New York* [*Allen St.*], Id. 236; *Matter of People* v. *Johnson & Co.*, 219 App. Div. 285; affd., 245 N. Y. 627; certiorari denied, 275 U. S. 571; *Matter of City of New York* [*North River Water Front*], 219 App. Div. 27; *Matter of City of Buffalo*, 17 N. Y. St. Repr. 371.) They constitute improvements which the city acquires in this proceeding and for which it is obligated to pay. Obviously, chattels which are not attached and readily may be removed are not improvements and would not pass with the fee. Nor may an allowance

be made for the lighting outlets and power circuits. These have lost their character either as personalty or as fixtures. They are necessarily embedded in the building and have become part of the realty (*Madfes* v. *Beverly Development Corp.*, 251 N. Y. 12), for which full compensation presumably has been made to the owner of the realty. The following are the only items (the designations being taken from claimant's Exhibit A-58) for which compensation may be allowed: The machines and presses, being items 1 to 7, inclusive; the 1,320 and 130 feet of shelving, being part of item 9; and the two radiators, item 11.

The final decree, in so far as appealed from, should be reversed on the law, with costs, and new trial granted for the purpose of determining the value of the fixtures for which claimant is entitled to compensation.

LAZANSKY, P. J., HAGARTY, DAVIS, JOHNSTON and CLOSE, JJ., concur.

Final decree, in so far as it makes an award of $7,000 to respondent for fixtures included in damage parcel No. 104, reversed on the law, with costs, and a new trial granted for the purpose of determining the value of the fixtures for which the claimant is entitled to compensation.