incapacitated to take title because of the purchase of other property. (*Gotthelf* v. *Stranahan*, 138 N. Y. 345.) The statement made by defendant's counsel on the trial is obscure. It is impossible to tell from it just when the title to the other property was taken. The time of the recording of the deed should be shown. For the foregoing reason, the judgment is reversed on the law and the facts and a new trial granted, with costs to appellant to abide the event. Lazansky, P. J., Hagarty, Carswell, Johnston and Close, JJ., concur.

MORRIS FREIMAN and PAUL NADELMAN, Appellants, v. SPIESMAN BAKERY, INC., Respondent.— Action to recover damages for personal injuries sustained as a result of a collision between an automobile owned and operated by plaintiff Paul Nadelman, in which plaintiff Morris Freiman was a passenger, and a truck owned by defendant. A verdict was rendered in favor of defendant. Judgment as against Nadelman affirmed, with costs. While the evidence justified a finding that the driver of defendant's truck was negligent, the negligence of plaintiff Nadelman also was clearly established. Hagarty, Carswell, Johnston and Taylor, JJ., concur; Lazansky, P. J., dissents and votes for reversal and a new trial on the ground that in so far as it imports that Nadelman was negligent the verdict is against the weight of the evidence. Judgment as against plaintiff Freiman reversed on the law and the facts and a new trial granted, costs to Freiman to abide the event. In so far as it imports a finding that Freiman, the passenger in Nadelman's automobile, was guilty of contributory negligence, the verdict is clearly against the weight of the evidence. Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ., concur.

HECHT, LEVIS & KAHN, INC., and Others, Appellants, v. BUSH TERMINAL COMPANY, and JAMES C. VAN SICLEN and C. WALTER RANDALL, Trustees of BUSH TERMINAL COMPANY, Respondents.— Order denying motion to strike out certain defenses from defendants' answer, or to direct that the issues raised by such defenses be tried separately, affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Johnston, Adel and Close, JJ., concur.

In the Matter of the Application of THE CITY OF NEW YORK Relative to Acquiring Title to All of the Lands and Premises Together with the Buildings and Appurtenances Thereunto Belonging within the Area Generally Bounded by the East Line of Fulton Street and Its Southerly Prolongation, the South Line of Prospect Street and its Westerly Prolongation, and the West Line of Washington Street and Its Southerly Prolongation, as These Streets Were Shown on the Map or Plan of The City of New York on May 23, 1935, so as to Provide for a Single Street between the Easterly Line of Washington Street and the Westerly Line of Fulton Street and between the Northerly Line of Prospect Street and the Northerly Line of Myrtle Avenue and to the Triangle of Land at the Intersection of the East Line of Clinton Street and the West Line of Fulton Street Extending Southerly 54.6 Feet on Clinton Street and 56.2 Feet on Fulton Street; Excepting Therefrom the Lands Formerly Acquired by The City of New York or Its Predecessor and Subject to the Rights of the New York Rapid Transit Corporation and the Brooklyn and Queens Transit Corporation, to Use for Railroad Purposes Two Parcels of Land within the Area Hereinbefore Described, Now Used for Such Purposes until Such Time as The City of New York Makes Other Provisions for the Operation of the Respective Railroad Lines Such as Are

Satisfactory to the Respective Railroad Companies, in the Borough of Brooklyn, City of New York. THE CITY OF NEW YORK, Appellant; HAROLD R. WOOLHISER, Respondent.— On appeal from so much of a supplemental and amended final decree in a condemnation proceeding as awards to respondent, a tenant, the sum of $4,400, with interest, for certain fixtures, supplemental and amended decree unanimously affirmed, with costs. (*Matter of City of New York [Woolhiser]*, 250 App. Div. 197.) Present — Lazansky, P. J., Hagarty, Carswell, Davis and Taylor, JJ.

In the Matter of the Application of THE CITY OF NEW YORK Relative to Acquiring Title, Wherever the Same Has Not Been Heretofore Acquired for the Same Purpose in Fee, to the Lands, Tenements and Hereditaments Required for the Purpose of Opening and Extending Jay Street from Nassau Street to Fulton Street; Smith Street from Fulton Street to Atlantic Avenue, and Schermerhorn Street from Smith Street to a Point about Fifty Feet East of 3d Avenue, Where Not Heretofore Acquired in Fee by The City of New York for Rapid Transit Purposes, in the Borough of Brooklyn, City of New York. THE CITY OF NEW YORK, Respondent; FIRST BAPTIST CHURCH IN PIERREPONT STREET, Appellant.— Resettled order denying in part petitioner's application for the taxation of certain expenses claimed to have been incurred in a condemnation proceeding, which proceeding was discontinued by the city under section 992 of the Greater New York Charter, modified by providing that the reference as to the reasonableness of the expenses incurred include the four items relating to the two building experts and two real estate experts, which items had been theretofore eliminated. As thus modified the order is affirmed, with ten dollars costs and disbursements to the appellant. The propriety of taxing the items respecting experts' fees under these circumstances is established in *Matter of Boardwalk Amusement Company, Inc.* (247 App. Div. 313; affd., on this phase, 271 N. Y. 341). The contingent contract of the attorney was properly disallowed as an item of taxation. No distinction may be made between the contract of retainer in this case and the one disallowed in *Matter of Boardwalk Amusement Company, Inc.* (271 N. Y. 341). Appeal from original order dismissed. Lazansky, P. J., Carswell, Davis, Adel and Close, JJ., concur.

In the Matter of the Claim of JOHN D. BOTTI, Doing Business under the Firm Name and Style of MIDDLETOWN NEWS COMPANY OF MIDDLETOWN, NEW YORK, against the Estate of BELLE HORTON, Deceased. HENRY FROST HORTON and STANLEY MILLSPAUGH, as Executors, etc., of BELLE HORTON, Deceased, Appellants; JOHN D. BOTTI, Doing Business under the Firm Name and Style of MIDDLETOWN NEWS COMPANY OF MIDDLETOWN, NEW YORK, Respondent.— Appeal from decree of Surrogate's Court, Orange county, allowing a claim against an estate in the sum of $232.40 for the value of the delivery of a newspaper to decedent from 1918 to 1936. Decree reversed on the law and the facts, without costs, and matter remitted to the Surrogate's Court for a new hearing. The Statute of Limitations was not rendered inapplicable by reason of the purported proof with respect to part payment on account. While the books of account were properly received in evidence (*Mantha Co., Inc.*, v. *DeGraff*, 242 App. Div. 666; affd., without opinion, 266 N. Y. 581), such proof was merely evidence, in so far as the controversy here is concerned, of a sum due. The decision in that case was made upon the ground that the books did not involve a personal transaction between the decedent and