# CASES

IN THE

# SUPREME JUDICIAL COURT

IN

## THE COUNTY OF SOMERSET, JUNE TERM, 1829.

### FARRAR & AL. *vs.* STACKPOLE.

Things personal in their nature, but fitted and prepared to be used with real estate, and essential to its beneficial enjoyment, being on the land at the time of its conveyance by deed, do pass with the realty.

Thus by the conveyance of a saw-mill with the appurtenances, the mill-chain, dogs, and bars, being in their appropriate places at the time of the conveyance, were held to have passed.

So, by the grant of a cotton or woolen factory, &c. by that or any other general name which is commonly understood to embrace all its essential parts, it seems that the machinery passes, whether affixed to the freehold, or not.

Parol proof of a usage may be received in explanation of the terms of a deed.

THIS was trover for a mill-chain, dogs, and bars; and was tried before *Weston J.* upon the general issue. The plaintiffs claimed title to the property under a deed from the defendant to *Asa Redington*, and from him to them, conveying a *saw-mill*, with the privileges and appurtenances; and they proved that the chain, dogs and bars, were in their appropriate places when the deeds were made; and that the chain was attached by a hook to a piece of a draft-chain, which was fastened to the shaft by a spike. As the chain in question was prepared for being hooked and unhooked at pleasure, the

Judge ruled it to be a personal chattel, which did not pass by the deed of the mill, unless, by uniform and general usage, it was considered as part of the same.

Testimony was then adduced on both sides, to the point of usage; which the Judge left to the jury, with instructions to return a verdict for the plaintiffs, if they should find the usage in their favor ; which they did. And the point of construction, and the admissibility of parol testimony of any usage, to control the language of the deeds, which the defendant had objected to, were reserved for the consideration of the court.

*Allen,* for the defendant, argued against the admissibility of the parol evidence ;—1st because it went to control a contract in writing which contained neither latent ambiguity, nor reference to any extraneous circumstances. *King v. King,* 7 *Mass.* 496 ; *Brigham v. Rogers,* 17 *Mass.* 571 ; *Bayard v. Malcom,* 1 *Johns.* 453.—2d. If the chattels in question were personal estate, then they are not conveyed by the deed ; but if part of the realty, then the parol testimony is inadmissible by the statute of frauds.—3d. If the evidence was intended to prove a distinct, independent contract, still it is opposed by the statute of frauds, there having been no delivery, nor memorandum in writing, nor earnest paid, and the value exceeding thirty dollars. *Hermon v. Vance,* 6 *Johns.* 5.

And he contended that these chattels did not pass as part of the mill ; because they were not fixtures ; for these, and these only, he insisted, could pass by a deed of the mill alone. To enlarge this principle, and introduce whatever personal things were necessary to set a mill in operation, would unsettle established rules, and introduce confusion ; as it might be supposed to include axes and hand-saws, and even a horse, if the mill was propelled by that power. *Elwes v. Maw,* 3 *East* 28 ; *Cresson & al. v. Stout,* 17 *Johns.* 116 ; *Briggs v. Strange,* 17 *Mass.* 406 ; *Gale v. Ward,* 14 *Mass.* 353 ; *Union Bank v. Emerson,* 15 *Mass.* 159.

*R. Williams, Redington* and *Codman,* for the plaintiffs.

Farrar & al. *v.* Stackpole.

Weston J. delivered the opinion of the Court.

If the chain in question passed as a constituent part of the mill, the plaintiffs have made out their title, and have a right to judgment on the verdict. A considerable portion of the machinery and power of a mill, like that conveyed by the defendant, is designed to be applied to draw up logs into the mill; which is essential to the operation of one of this construction. It is not denied that other parts of the machinery, intended for this purpose, go with the mill; but it is insisted that the chain is of the nature of personal property, and therefore passes not by a deed of the realty, unless specially named. To this it may be answered, first, that if it be an essential part of the mill, it is included in that term, whether real or personal; secondly, that that which is in its nature personal, may change its character, if fixed, used, and appropriated to that which is real. Is it too much to say that the mill is incomplete, without a chain, a cable, or other substitute? It may be that a mill-wright, who contracts to erect a mill, and to furnish materials, may be deemed to have completed his engagement, without supplying a chain. One mill-wright, a witness in this case, has testified that such is his impression. And if this is understood generally, his contract might not extend further. But the owner would find that he had yet something more to procure, before the mill could be in a condition to operate. The chain is the last of the parts in the machinery, to which the impelling power is communicated, to effect the object in view. Its actual location in the succession of parts can make no difference. If it is in its nature essential to the mill, it is included in that term; and that, as has been before remarked, whether it be personal or real property. But upon consideration, we are of opinion that it ought to be regarded as appertaining to, and constituting a part of the realty.

It is an ancient principle of law, that certain things which in their nature are personal property, when attached to the realty become part of it, as fixtures. One criterion is, that if that, which is ordinarily personal, be so fixed to the realty that it cannot be severed therefrom without damage, it becomes part of the realty; as wain-

scot work, and old fixed and dormant tables and benches. Other things pass as incident to the realty ; as doves in a dove house, fish in a pond, or deer in a park. 2 *Com. Dig. Biens B.* On the other hand, as between landlord and tenant, for the benefit of trade, in modern times many things are regarded as personal, which, as between the heir and executor, would descend to the heir as part of the inheritance.

Although the being fastened or fixed to the freehold, is the leading principle in many of the cases in regard to fixtures, it has not been the only one. Windows, doors, and window shutters are often hung but not fastened to a building ; yet they are properly part of the real estate and pass with it ; because it is not the mere fixing or fastening, which is regarded, but the use, nature and intention. *Dane's Abr. ch.* 76, *art.* 8, *sec.* 39. Modern times have been fruitful in inventions and improvements for the more secure and comfortable use of buildings, as well as of many other things, which administer to the enjoyment of life. Venetian blinds, which admit the air and exclude the sun, whenever it is desirable so to do, are of modern use ; so are lightening rods, which have now become common in this country and in Europe. These might be removed from buildings without damage ; yet as suited and adapted to the buildings, upon which they are placed, and as incident thereto, they are doubtless part of the inheritance, and would pass by deed as appertaining to the realty. But the genius and enterprise of the last half century has been in nothing more remarkable than in the employment of some of the great agents of nature, by means of machinery, to an infinite variety of purposes, for the saving of human labor. Hence there has arisen in our country a multitude of establishments for working in cotton, wool, wood, iron and marble, some under the denomination of mills, and others of factories, propelled generally by water power, but sometimes by steam. These establishments have in many instances, perhaps in most, acquired a general name, which is understood to embrace all their essential parts ; not only the building, which shelters, encloses, and secures the machinery, but the machinery itself. Much of it might be easily detached, without injury to the remaining parts or to the building ; but it would be a

very narrow construction, which should exclude it from passing by the general name by which the establishment is known, whether of mill or factory. The general principles of law must be applied to new kinds of property, as they spring into existence, in the progress of society, according to their nature and incidents, and the common sense of the community. The law will take notice of the mutations of language, and of the meaning of new terms, applied to new subjects, as they arise. In other words it will understand terms used by parties in their contracts, whether executed or executory, whether in relation to real or personal estate, according to their ordinary meaning and acceptation.

There was, at Bath in this State, a saw mill propelled by steam, generally called the steam saw mill. Suppose this establishment had been conveyed by the name of the steam saw mill, without a more particular description. What would pass? There is nothing in the books with respect to this species of property; for it is of quite modern invention; and there is no other mill of the kind in this part of the country. If you exclude such parts of the machinery as may be detached without injury to the other parts or to the building, you leave it mutilated, incomplete, and insufficient to perform its intended operations. The parties in using the general term would intend to embrace whatever was essential to it, according to its nature and design; and the law would doubtless so construe the conveyance, as to effectuate the lawful intention of the parties. Salt pans have been held to pass the realty, and to belong to the inheritance; because adapted and designed for, and incident to, an establishment for the manufacture of salt. The principle is, that certain things, personal in their nature, when fitted and prepared to be used with real estate, change their character and appertain to the realty, as an incident or accessory to its principal. Upon this ground we are satisfied that the chain in question, being in the mill at the time, and essential to its beneficial enjoyment, passed by the deed of the defendant to *Asa Redington*, under whom the plaintiffs claim, independent of any reference to usage. The verdict is therefore sustained, although not upon a ground in accordance with the impressions of the judge who presided at the trial. This we think upon

the whole a fair application of the principles of law to the case. Had the term mill, however, by uniform and general usage, been understood not to embrace the chain, a different construction would no doubt have obtained ; for it is a term of art, the proper meaning of which would be fixed by the general understanding of those who are skilled and experienced in it. If they were not agreed, the law would adopt that which was most general, and which would best accord with the nature and character of the subject matter. The jury have found, upon the evidence submitted to them, that by general and uniform usage the chain passed by a deed of the mill. This finding was somewhat stronger than the evidence warranted. It did appear that there had been exceptions to this usage ; but the weight of evidence went to support it. At any rate it is apparent that the usage is rather in favor than against the construction we have adopted. But as we are of opinion that the title of the plaintiffs is well supported by the deed, independent of usage, it becomes unnecessary to decide upon the competency or effect of the testimony adduced upon this point. *Judgment on the verdict.*