In the Matter of the CITY OF NEW YORK, Appellant, Relative to Acquiring Title to Real Property Required for the Opening and Extending of Whitlock Avenue, in the Borough of the Bronx.

430 EAST 59TH STREET CORPORATION et al., Respondents.

Argued May 19, 1938; decided July 7, 1938.

*William C. Chanler*, Corporation Counsel (*Lewis Orgel* and *Julius Isaacs* of counsel), for appellant. The decree forces the city to pay for chattels whose movability and definite character as personalty were proved by the fact that the claimants had bought them second hand and moved them from place to place as they changed the location of their businesses. (*Matter of Culver Contracting Corp.* v. *Humphrey*, 268 N. Y. 26; *Matter of City of New York* [*Allen St.*], 256 N. Y. 236; *Matter of People* v. *Johnson & Co.*, 219 App. Div. 285; 245 N. Y. 627; 275 U. S. 571; *McRea* v. *Central Nat. Bank*, 66 N. Y. 489; *New York Central & Hudson River R. R. Co.* v. *Albany Steam Trap Co.*, 161 App. Div. 329; *Potter* v. *Cromwell*, 40 N. Y. 287; *Murdock* v. *Gifford*, 18 N. Y. 28; *Matter of City of New York* [*North River Waterfront*], 118 App. Div. 865; 189 N. Y. 508; *Madfes* v. *Beverly Development Corp.*, 251 N. Y. 12; *Futrovsky* v. *United States*, 62 App. D. C. 235; 66 Fed. Rep. [2d] 215; *Ford* v. *Cobb*, 20 N. Y.

344.) The decree forces the city to pay for machinery located in the portions of the building not taken. (*Matter of City of New York* [*Sixth Avenue Extension*], 256 N. Y. 598.) The trial court's failure to specify the articles which it deemed part of the realty and for which it made compensation was reversible error. (*Matter of City of New York* [*Woolhiser*], 250 App. Div. 197; *Matter of City of New York* [*North River Waterfront*], 118 App. Div. 865; 189 N. Y. 508.)

*Henry Herz, Isaac E. Bermant* and *Bernard L. Bermant* for 430 East 59th Street Corporation, respondent. The evidence supports the award. (*Beckrich* v. *City of North Tonawanda*, 171 N. Y. 292; *Commercial Bank* v. *Sherwood*, 162 N. Y. 310; *Amherst College* v. *Ritch*, 151 N. Y. 282; *Matter of City of New York* [*Fourth Ave.*], 255 N. Y. 25.) The damages to the remainder of claimant's plant are recoverable. (*Matter of City of New York* [*Blackwell's Island Bridge*], 198 N. Y. 84; *People ex rel. Ward* v. *Sutton*, 186 App. Div. 550; *Matter of City of New York* [*Chrystie & Forsyth Sts.*], 236 App. Div. 321; 260 N. Y. 583; *Matter of City of New York* [*Allen St.*], 256 N. Y. 236; *Banner Milling Co.* v. *State*, 240 N. Y. 533; *Matter of City of New York*, 125 App. Div. 393; 193 N. Y. 117; *Matter of City of New York*, 213 App. Div. 187; *Matter of 39th Street Ferry*, 76 Misc. Rep. 358; 150 App. Div. 908; *Matter of City of New York*, 143 App. Div. 515; *Matter of City of New York* [*North River Waterfront*], 120 App. Div. 849; *Matter of Mayor*, 39 App. Div. 589.) Where the fixtures and fee are in one ownership and there is no provision in the petition of the condemnor qualifying the taking as to the fixtures, then the owner is entitled to be paid whatever value such fixtures as are affixed to the realty, and would as between vendor and vendee be fixtures and pass with a conveyance, adds to the value of the fee. (*Jackson* v. *State*, 213 N. Y. 34; *Banner Milling Co.* v. *State*, 117 Misc. Rep. 33; 210 App. Div. 812; 240 N. Y. 533; *Matter of City of New York* [*Sixth Ave.*], 229 App.

Div. 851; 256 N. Y. 598; *Matter of City of New York* [*Allen St.*], 256 N. Y. 236; *Matter of People* v. *Johnson & Co.*, 219 App. Div. 285; 245 N. Y. 627; *Matter of City of New York*, 193 N. Y. 117; *Matter of City of New York* [*Conron* v. *Glass*], 122 App. Div. 890; 192 N. Y. 295; *Matter of City of New York* [*North River Waterfront*], 118 App. Div. 865; 189 N. Y. 508; *Matter of City of New York* [*North River Waterfront*], 219 App. Div. 27; *Poillon* v. *Gerry*, 179 N. Y. 14; *McRea* v. *Central Nat. Bank*, 66 N. Y. 489.) The court was under no duty to explain the awards. (*Matter of City of New York* [*North River Waterfront*], 118 App. Div. 865; 189 N. Y. 508.)

ᶦ · *Nathan L. Goldstein* and *Abe Wagman* for Acme Ribbon Mills, Inc., respondent. The decision of the trial court that the machinery and fixtures constituted real property is amply supported by the evidence. (*Matter of City of New York* [*North River Waterfront*], 118 App. Div. 865; 189 N. Y. 508.) The machines and fixtures for which an award has been made are real property for which compensation must be made in a condemnation proceeding. (*Matter of City of New York* [*Allen St.*], 256 N. Y. 236; *Matter of City of New York* [*Cypress Ave.*], 249 App. Div. 579; *Madfes* v. *Beverly Development Corp.*, 251 N. Y. 12; *Matter of City of New York* [*Sixth Avenue Extension*], 256 N. Y. 598; *Matter of City of New York* [*Fulton St.*], 250 App. Div. 197; *McRea* v. *Central Nat. Bank*, 66 N. Y. 489; *Jackson* v. *State*, 213 N. Y. 34; *Matter of Park Commissioners*, 17 N. Y. St. Repr. 371; *Matter of Board of Transportation* [*Houston St.*], 236 App. Div. 660; *Potter* v. *Cromwell*, 40 N. Y. 287; *Matter of City of New York* [*Consolidated Gas Co.*], 39 App. Div. 589; *People ex rel. National Starch Mfg. Co.* v. *Waldron*, 26 App. Div. 527; *Diamond* v. *Art Contracting Co.*, 147 Misc. Rep. 88.) Awards have been made to tenants for machines used in the conduct of their business, although they were removable without injury either to the machines or to the freehold. (*Matter of City of*

*New York* [*Sixth Avenue Extension*], 256 N. Y. 598; *Matter of City of New York* [*Allen St.*], 256 N. Y. 236; *Matter of City of New York* [*Fulton St.*], 250 App. Div. 197; *Matter of Board of Transportation* [*Houston St.*], 236 App. Div. 660; *Jackson* v. *State*, 213 N. Y. 34; *Matter of City of New York* [*North River Waterfront*], 192 N. Y. 295; *Matter of City of New York* [*Avenue A*], 66 Misc. Rep. 488; *Matter of Willcox*, 165 App. Div. 197; *Matter of City of New York* [*Consolidated Gas Co.*], 39 App. Div. 589; *Matter of Rockaway Boulevard*, 201 App. Div. 862; *Matter of Park Commissioners*, 17 N. Y. St. Repr. 371; *Banner Milling Co.* v. *State*, 240 N. Y. 533.)

FINCH, J. This is a condemnation proceeding instituted to acquire title in fee to real property required for the opening and extending of Whitlock avenue in the borough of the Bronx, New York city. Two awards are involved on this appeal.

The Acme Ribbon Mills, Inc., *as a lessee,* maintained and operated a silk ribbon manufacturing business in a factory building located on the condemned property. In other words, this lessee rented space in a completed building and brought to it its own machinery. The city petitioned to condemn the real property, and the Acme made claim for compensation for the taking of machinery which it had installed in the premises. On behalf of Acme there was testimony that the value of the machinery and other property which as lessee it owned was approximately $65,000. The court made an award of $45,000.

The 430 East 59th Street Corporation owned a one-story brick building and a one-story and basement brick building which were connected and equipped as a laundry. It operated the laundry through the Regent Laundry Service Corporation, its wholly owned subsidiary. The taking involved the one-story brick building, and a small portion of the one-story and basement brick building. In addition to the award of $45,000 for the land and building, it was awarded $134,000 for the laundry

equipment in the portion of the property not taken. The Appellate Division has unanimously affirmed the decree granting these awards. The appeal is by permission of this court.

We are to determine whether the machinery and the other articles for which the awards have been made are part of the real property taken by the city in the condemnation proceeding.

(1) The Acme Ribbon Mills, Inc., received an award of $45,000 for machinery, looms, harnesses, and loose extra parts used in connection with the looms. The spare parts were standard articles bought from dealers. The harnesses were interchangeable on these looms and were not affixed to the building. The looms themselves were attached to the floor by screws and bolts, but this was only to keep them from vibrating or shifting, and they could be removed without any injury to themselves or to the freehold. Looms of this type are completely erected by the manufacturer in his plant, are then dismantled by the manufacturer before shipment to the purchaser, and re-erected after delivery. They can be dismantled and re-erected as often as necessary. In fact, the looms of the claimant had been purchased second hand, and had been moved several times as the claimant moved its business.

A tenant is entitled to compensation in condemnation proceedings for such fixtures as would have become part of the realty if they had been installed permanently by the owner of the fee. (*Matter of City of New York* [*Allen St.*], 256 N. Y. 236.)

The mere fact that the articles involved herein are attached to the floor does not render them fixtures. (*McRea* v. *Central Nat. Bank*, 66 N. Y. 489, 495.) Machinery normally is personal property and is not deemed a fixture except where it is installed in such manner that its removal will result in material injury to it or the realty, or where the building in which it is placed was specially designed to house it, or where there

is other evidence that its installation was of a permanent nature. In the absence of such proof the machinery does not become a fixture and a part of the realty, but remains personal property and is removable by the person who installed it. There is no such evidence of permanent installation concerning the looms involved in the case at bar. They were affixed to the floor merely for the purpose of maintaining their stability, and they were readily removable. There is no reason why such looms or the harness or the other parts used in connection with them should be held to be a part of the realty. In *Murdock* v. *Gifford* (18 N. Y. 28), substantially similar looms, although attached to the building, were held to be personal property.

Of the award, about $3,800 was granted to the Acme Ribbon Mills, Inc., for machines, including a motor and winding, warping and quilling machines. All of these were readily removable, and could be used elsewhere. There was no evidence of permanent affixation. Thus like the looms, their use on the premises did not transform them from personal property to realty. For such personal property the claimant is not entitled to an award.

As to the office partitions and the electric wiring, the evidence supports the finding that they are fixtures for which an award should be made.

(2) As noted, the 430 East 59th Street Corporation was granted an award in addition to that given for the land and building actually taken. This was on the basis of the rule that where part of a larger tract used for a single purpose is taken, the owner is entitled not only to the value of the land actually taken, but to the difference between the value of the remaining real property as it was before the land was taken, and its value after the taking. (*Banner Milling Co.* v. *State*, 240 N. Y. 533. Cf. *Matter of City of New York* [*West 10th St.*], 267 N. Y. 212.) In determining the value of this remaining real property for the purposes of making the award, there

were included, however, machinery and other laundry equipment for which an award of $134,000 was made. This machinery and equipment should be included only if they are fixtures and, therefore, part of the realty.

The claimant's inventory and appraisal of these articles includes many items which were not attached to the realty, such as steel lockers, cabinets, trucks, racks, tables, sewing machines, and the like. Included also are many items which were bolted to the floor merely to maintain their stability, such as ironers, sorting tables, washers, extractors and similar machinery. Although some of these machines had steam and water connections, they could be readily removed by disconnecting the unions which were attached to the piping. Concerning these items there can be no doubt that they did not constitute fixtures.

The question is more difficult when we consider the substantial machinery. There is evidence, however, that much of this, despite its size and weight, was readily removable and was not installed in a permanent manner. Most, if not all, of this machinery, had been removed from the claimant's earlier place of business. Only such machinery as cannot be removed without injury to it or the freehold, or concerning which there may be other evidence of an installation of a permanent nature, should be held to constitute fixtures.

There is no definite statement of just what property was included in the award, or of the amount awarded for each item. For this reason a new trial should be granted. (*Matter of City of New York* [*Woolhiser*], 250 App. Div. 197. Cf. *Matter of City of New York* [*North River Water Front*], 118 App. Div. 865; affd., 189 N. Y. 508.)

The orders should be reversed and the matter remitted to the Special Term for further proceedings in accordance with this opinion, with costs to abide the event. (See 278 N. Y. 714.)

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, LOUGHRAN and RIPPEY, JJ., concur.

Orders reversed, etc.