In the Matter of the Application of THE CITY OF NEW YORK, Relative to Acquiring Title to All of the Lands and Premises Together with the Buildings and Appurtenances Thereunto Belonging within the Area Generally Bounded by the East Line of Fulton Street and Its Southerly Prolongation, the South Line of Prospect Street and Its Westerly Prolongation, and the West Line of Washington Street and Its Southerly Prolongation, as These Streets Were Shown on the Map or Plan of The City of New York on May 23, 1935, so as to Provide for a Single Street between the Easterly Line of Washington Street and the Westerly Line of Fulton Street and between the Northerly Line of Prospect Street and the Northerly Line of Myrtle Avenue and to the Triangle of Land at the Intersection of the East Line of Clinton Street and the West Line of Fulton Street Extending Southerly 54.6 Feet on Clinton Street and 56.2 Feet on Fulton Street; Excepting Therefrom the Lands Formerly Acquired by The City of New York or Its Predecessor and Subject to the Rights of the New York Rapid Transit Corporation and the Brooklyn and Queens Transit Corporation, to Use for Railroad Purposes Two Parcels of Land within the Area Hereinbefore Described, Now Used for Such Purposes until Such Time as The City of New York Makes Other Provisions for the Operation of the Respective Railroad Lines Such as Are Satisfactory to the Respective Railroad Companies, in the Borough of Brooklyn, City of New York. THE CITY OF NEW YORK, Appellant; HAROLD R. WOOLHISER, Respondent.— On reargument of appeal [254 App. Div. 888; ante, p. 850] from so much of a supplemental and amended final decree in a condemnation proceeding as awards to respondent, a tenant, the sum of $4,400, with interest, for certain fixtures, order of affirmance thereof vacated, and decree modified on the law and the facts by striking therefrom the provision therein awarding the sum of $4,985.93, inclusive of interest, as an award for fixtures included within damage parcel No. 104, and by providing in lieu thereof that the claim for damages shall be dismissed, and as so modified unanimously affirmed, without costs. In our opinion, the presses and other machinery in question here must be deemed personalty in the light of the authority of *Matter of City of New York (Whitlock Ave.)* (278 N. Y. 276). The machinery there under consideration and the manner in which it was fastened cannot be distinguished in principle from the machinery and method of fastening presented in the case at bar. Present — Lazansky, P. J., Hagarty, Carswell, Davis and Taylor, JJ.

In the Matter of the Application of WILLISTON J. FARRINGTON, Appellant, for a Mandamus Order against JOHN G. ARCHER, Deputy Commissioner of Public Works of the City of Mount Vernon, County of Westchester, State of New York, Respondent.— Order denying petitioner's application for a peremptory or an alternative order of mandamus directing respondent to issue a certificate of occupancy for the use of petitioner's premises as a retail store, and dismissing the proceeding, reversed on the law, with ten dollars costs and disbursements, and proceeding remitted to Special Term for trial in accordance with section 1295 of the Civil Practice Act. In view of respondent's waiver of defects in form, the proceeding will be treated as one against a body or officer under the present article 78 of the Civil Practice Act. The pleadings raise triable issues of fact as to whether the zoning ordinance, as applied to petitioner's property, is so unreasonable as to be confiscatory. Hagarty, Davis, Johnston, Taylor and Close, JJ., concur.