STATE, Respondent, v. HAMMERQUIST, et al, Appellants
(293 N. W. 539.)

(File No. 8353.   Opinion filed August 16, 1940.)

**Dan McCutcheon,** of Belle Fourche, for Appellants.

**Leo A. Temmey,** Atty. Gen., and **William Williamson,** Asst. Atty. Gen., for Respondent.

SMITH, P.J.   The appellants challenge the authority of the trial court to increase the compensation fixed by the verdict of the jury in a proceeding to condemn property for public use under the power of eminent domain.

The state determined to exercise its power of eminent domain and take the Pennington County farm home of the defendants Martha E. Hammerquist and Anton W. Hammerquist for a public use.   In the proceeding brought under §§ 2938 to 2953, Rev. Code 1919, SDC 37.40, to fix the compensation of the defendants, the Hammerquists defaulted. The jury impaneled returned a verdict of $3,000, and judgment was entered thereon.   This judgment fixed the amount due the defendant mortgagee at slightly over $2,000.   The state thereafter deposited $3,000 with the clerk, and the clerk discharged the mortgage and mailed to the Hammerquists·a check for the balance which, according to the record, was never cashed or found.   Thereafter, Pauline Hammerquist was appointed guardian of Martha Hammerquist by the Pennington County Court, and as such petitioned the trial court for an order relieving Martha Hammerquist from her default and praying that the judgment and verdict against her be vacated as for excusable neglect.   After hearing, the court determined that the neglect of Martha Hamherquist was excusable, because of the fact that she was incompetent, and entered a conditional order dated February 27, 1939, and entered March 1, 1939, vacating the judgment.

This order provided, "* * * That unless the plaintiff, or other parties interested, pay to the guardian of * * * Martha E. Hammerquist the sum of $6,500.00, * * * within sixty days * * *, full credit to be allowed for any payments made upon the mortgage * * *, then and in that event the judgment is hereby confirmed and shall stand unaffected regardless of this motion, but in the event of that amount not being paid, then the judgment is hereby set aside."

Neither party appealed from this order, and the time within which an appeal might have been perfected was permitted to expire. Within the sixty day period described in the order, the Attorney General and the attorney for the guardian stipulated that the state might have until May 13, 1939, "to negotiate a settlement between the parties pursuant to said Order of Court." On May 13 the state procured an order requiring the guardian to show cause "why an order should not be entered extending the time in which the plaintiff, the State of South Dakota, may make the payments as required by the order of this Court * * *." This motion was heard on June 5, 1939, and after deliberation the court entered its order on the 29th day of August, 1939, which purported to authorize the state to make the described additional payment within thirty days and further provided that failure to pay should "have the effect of setting the former Judgment aside." Thereafter the state deposited the additional sum with the clerk. The appeal is from the order entered on August 29, 1939.

The state questions our power to review the challenged order. It contends that the order is not appealable because it does not affect a "substantial right" as required by SDC 33.0701. We understand this contention of the state to be predicated upon an assumption that the propriety of the order increasing the amount of defendants' compensation, and the right of the state to pay that amount and sustain its judgment, was established by the original conditional order of March 1, and that by failing to appeal therefrom and by acquiescing therein, the defendants are precluded from questioning the authority and right under the doc-

trine of "res judicata". Reasoning from such a premise the state concludes that the application of May 13th which resulted in the challenged order merely appealed to the discretion of the court in determining whether the time within which the state might make the increased payment should be extended, and that the order does not affect a "substantial right." We question the validity of the premise upon which the conclusion rests.

■ After a review of our pronouncements on that subject, we have recently pointed out that adjudication after careful consideration at a full hearing actually involving the particular issue is an essential pre-requisite to the application of the doctrine of res judicata to orders. First National Bank & Trust Co. v. Kirby, 62 S. D. 489, 253 N. W. 616. That essential does not appear here. The issues litigated under the original motion had principally to do with the incompetency of Martha Hammerquist in fact, and incompetency as "excusable neglect" in point of law. After those matters had been determined the court, of its own motion, in an understandable effort to bring the litigation to what it deemed a just conclusion, increased the amount of the defendants' compensation to the equivalent of offers made by the state before the proceeding was instituted, and conditioned its order of vacation upon non-payment of the increased amount. Because the issue was not litigated and considered, the matter is not concluded by the order entered March 1st. We do not wish to be understood as indicating that the principle of res adjudicata would have applied if this particular pre-requisite had been satisfied.

■■ If our conclusion that res judicata does not apply is sound, and we think it is, it is manifest that the challenged order accomplished more than an extension of time. At the time of hearing and decision resulting in the order, that which was originally conditional had ripened into an order setting the state's judgment aside. Therefore in essence and reality the state, by its later application, sought an order conditionally vacating the order which set the judgment aside. In ultimate effect upon the rights of defendants, the present order is the exact equivalent of an

order refusing to vacate a judgment, and is appealable. Boshart v. National Benefit Association, Inc., 65 S. D. 260, 273 N. W. 7.

■■ It is said that the defendants waived the right of appeal from the order at bar by conduct indicating acquiescence therein. In making this contention the state ignores the fact that the conduct it points out as inconsistent with the assertion of the right of appeal preceded the application for and entry of the order under consideration, and had to do with the original conditional order of March 1st. Conceding that the exhibited conduct, viz., serving notice of entry ·of the original order and thereafter entering into the empty stipulation that the state might have until May 13th to negotiate a settlement, would justify invoking the doctrine of waiver or estoppel as to an appeal from that order, a proposition about which we entertain grave doubts, we· think the state's position untenable. We have been unable to· discover either reason or authority offering support for the contention that such conduct is also inconsistent with the right of appeal from all related subsequent orders. The statutory right of appeal is favored and nothing short of compelling grounds will warrant denial of that right by the application of doctrines of waiver or estoppel. 4 C.J.S., Appeal and Error, § 211, 396. We are of the opinion that defendant has not waived her right of appeal.

■■ The order entered below operates to require the defendants to accept a compensation fixed by the court. That in an action involving a jury question a court is without authority to increase the verdict and thus substitute its finding for that of the jury, has been settled by this court. Walters v. Gilham et ux., 52 S. D. 82, 216 N. W. 854. Our conclusion that the learned trial court erred in that respect in this proceeding might well rest upon that holding and the constitutional safeguard of the trial by jury from which it springs. Article VI, Section 6, Constitution of South Dakota. However, our constitution further provides that "Private property shall not be taken for public use, or damaged, without just compensation as determined by a jury." Article VI, Section 13. The plain command of this

specific limitation upon the exercise of the power of eminent domain concludes the issue. Such is the current of authority. In re Owen and Memorial Parks in City of Detroit, 244 Mich. 377, 221 N. W. 279, 61 A.L.R. 190, 194, 18 Am. Jur. 1008.

This conclusion forecloses discussion of other points argued.

The order of the learned trial court is reversed.

POLLEY, ROBERTS, and RUDOLPH, JJ., concur.

WARREN, J., not sitting.