METROPOLITAN LIFE INS. CO., Respondent, v. JENSEN, Appellant

(9 N. W.2d 140.)

(File No. 8579. Opinion filed April 7, 1943.)

**Lars A. Bruce**, of Yankton, for Appellants.
**Louis N. Crill,** of Sioux Falls, for Respondent.

ROBERTS, P.J.   Plaintiff brought this action to enjoin the removal and disposal of the storm windows, screens,

sink, bathtub and the electric motor alleged to be a part of the realty described in the complaint. The cause was tried to the court without a jury and resulted in a judgment for plaintiff granting an injunction. From this judgment, defendants have appealed.

Defendants J. B. Jensen and his sister Agnes Jensen were the owners of the premises described in the complaint. Plaintiff acquired title to the premises by foreclosure of a mortgage given by defendants. The court found "that the aforesaid storm windows and screens were ordinary ready made and manufactured storm windows and screens and fitted to the size of the windows in the house located on said described real property and were used for the comfort and convenience of the persons residing in said house. That said sink and bathtub were attached to said house and real property by soil pipes with the intention of being a permanent part thereof and did and do constitute a part of said real property. That the aforesaid electric motor was a part of a unit of the pump and water system of said house located on said real property; that the same was securely affixed to said real property and was so attached with the intention that the same be and remain a permanent part of said house and real property described. That all of the aforesaid described property constitute fixtures to said described real property."

Defendants contend that the storm windows and the other properties in controversy were not affixed to the realty by one or more of the means of affixation mentioned in SDC 51.0104 and are not an integral part of the realty. The section referred to reads: "A thing is deemed to be affixed to land when it is attached to it by roots, as in the case of trees, vines, or shrubs; or imbedded in it, as in the case of walls; or permanently resting upon it, as in the case of buildings; or permanently attached to what is thus permanent, as by means of cement, plaster, nails, bolts, or screws."

▆▆ The Supreme Court of California construing the same section in the statutes of that state held that it is "simply a rule for general guidance, concerning itself more

with ultimate than with probative facts." Gosliner v. Briones et al., 187 Cal. 557, 204 P. 19, 20. The contention that an article cannot become an appurtenance to realty without physical attachment or annexation does not permit of serious consideration. As was said by the Supreme Court of California in San Diego Trust & Savings Bank et al. v. San Diego County et al., 16 Cal.2d 142, 105 P.2d 94, 98, 133 A. L. R. 416: "A door or window in an ordinary dwelling house can be removed with very little damage to the realty. It also may be replaced by one of different design or by a new one if the former should become broken or defective, but no one would contend that either was not a part of the realty by reason of these facts alone." In Farrar v. Stackpole, 6 Greenl. 154, 6 Me. 154, 19 Am. Dec. 201, it was said: "Windows, doors, and window shutters are often hung, but not fastened, to a building, yet they are properly part of the real estate, and pass with it; because it is not the mere fixing or fastening which is regarded, but the use, nature, and intention." In the absence of physical annexation, there must exist an appropriation and an adaptation to the enjoyment of the realty as elements of distinction from mere personalty. This distinction is well stated in Wolford v. Baxter et al., 33 Minn. 12, 21 N. W. 744, 745, 53 Am. Rep. 1: "While not agreeing· as to the necessity for, or the degree of importance to be attached to, the fact of actual physical annexation, yet the authorities generally unite in holding that, to constitute a fixture, the thing must be of an accessory character, and must be in some way in actual or constructive union with the principal subject, and not merely brought upon it."

■ In the case of Arlt v. Langley et al., 56 S. D. 79, 227 N. W. 469, this court recognized the following general tests which have often been used by courts in determining whether or not an article is a fixture: (1) annexation to the realty, either actual or constructive; (2) its adaptability to the use and purpose for which the realty is used; and (3) the intention of the party making the annexation. The parties concerned, however, may by express agreement fix

upon chattels annexed to realty whatever character they may agree upon. Myrick v. Bill et al., 3 Dak. 284, 17 N. W. 268; Curran et al. v. Curran et al., 67 S. D. 119, 289 N. W. 418; Home Owners' Loan Corporation v. Gotwals et al., 67 S. D. 579, 297 N. W. 36.

■■ The intention of the party to make an article a permanent accession to the realty is the controlling criterion. The other tests are in effect a part of this comprehensive test and derive their chief · value as evidence of such intention. 22 Am. Jur., Fixtures, § 6. This intention does not imply the secret action of the mind, but is deduced from the relation of the parties and the circumstances of a particular case. Whether an accession to realty is intended to be temporary or permanent may be controlling. The intention of a tenant who affixes a chattel to realty may be entirely different from that of a mortgagor. There may be the same mode of annexation, yet the property may be personal in the one instance and real in the other. The rule generally prevails that. when the external indications show that an article belongs to the realty as an article designed to become a part of it and to be used with it to promote the object to which the realty has been devoted, as between mortgagor and mortgagee, it becomes a part of the realty. Hopewell Mills v. Taunton Savings Bank et al., 150 Mass. 519, 23 N. E. 327, 6 L. R. A. 249, 15 Am. St. Rep. 235.

■ Applying these principles, we think that there can be no doubt that the findings of the trial court to the effect that the articles in controversy are a part of the realty are warranted. The storm windows and screens were fitted to and used upon the dwelling. The sink and bathtub were connected in the usual manner with the plumbing in the dwelling and the electric motor used in connection with the water system together with a pump was mounted on a frame bolted to the basement floor. Taking these facts into consideration and the relation which these articles bear to the use and enjoyment of the dwelling, it may reasonably be inferred that they were procured by the owners of the

realty with the intention that they become permanent accessions to the realty.

Defendants contend that it was error to deny their demand for a jury trial and to proceed in equity to hear and determine the case. Injunction is distinctly an equitable remedy. The interposition by defendants of a counterclaim of a legal nature in such a suit gave them no right to a jury trial. First National Bank of Miles City, Mont., v. Erling Bros. et al., 61 S. D. 364, 249 N. W. 681.

The judgment appealed from is affirmed.

All the Judges concur.