CITY OF HURON, Respondent v. JELGERHUIS, Appellant

(97 N.W.2d 314)

(File No. 9739. Opinion filed June 23, 1959)

Rehearing denied July 30, 1959.

**Temmey & Luby,** Huron, for Defendant and Appellant.
**R. M. Russell,** Huron, for Plaintiff and Respondent.

BIEGELMEIER, J. The plaintiff commenced this action under SDC 37.40, by the filing and service of a petition with a resolution attached and a summons, for the purpose of taking and acquiring a lot in Huron, South Dakota, for municipal street and highway purposes. The defendant served and filed an answer and the parties waived a trial by jury and agreed to try the issues to the court. The trial court entered findings of fact and conclusions of law and a judgment as prayed for by plaintiff and determined $29,245.70 as the just compensation to which the defendant was entitled. The defendant has appealed from the judgment.

The questions raised by the assignments of error are that the value found or money allowed the defendant by the trial court for the property taken is insufficient in amount and defendant claims that he has not received just compensation as that term is used in the South Dakota Constitution and Statutes. Applicable parts of the Constitution of the State of South Dakota are as follows:

Art. 6, § 13 states:
"Private property shall not be taken for public use, or damaged, without just compensation as determined by a jury, which shall be paid as soon as it can be ascertained, and before possession is taken. * * *"

Art. 17, § 18 states:
"Municipal and other corporations and individuals invested with the privilege of taking private property for public use shall make just compensation for property taken, injured or destroyed, by the construction or enlargement of their works, highways or improvements, which compensation shall be paid or secured before such taking, injury or destruction. * *"

The term "just compensation" is not defined in either the Constitution or Statutes. Pertinent facts will be stated in the opinion in considering the defendant's assignments of error.

■ ■ We are met at the threshold of this appeal with the familiar rules announced by this court that it must accept that version of the evidence which will support the judgment, Willadsen v. Crawford, 75 S.D. 161, 60 N.W.2d 692, and that the findings of the trial court are presumably correct and it is only when this court is satisfied that there is a clear preponderance of the evidence against such findings that such presumption will be overcome and the decision of the trial court reversed. Korte v. Lang, 61 S.D. 267, 248 N.W. 253. See Huffman v. Shevlin, 76 S.D. 84, 72 N.W.2d 852; State v. Hammerquist, 67 S.D. 417, 293 N.W. 539; State Highway Commission v. Bloom, 77 S.D. 452, 93 N.W.2d 572. The evidence and findings are to be reviewed in the light of these rules.

In 1948 defendant constructed a one-story cement block building, 25 ft. by 70 ft., in accordance with plans furnished by a national organization of laundromat distributors from whom he purchased his equipment to operate a laundromat in the building. The exhibits showed the location of twenty washing machines, ten machines on one side and back-to-back, ten on the other side of what is called a bulkhead. The trial court found that this bulkhead was built as a permanent part of the building; it contained hose and electric connections or outlets as well as drains for the washing machines. In addition to the bulkhead the trial court found that the plumbing, electrical wiring, heating plant, showers, water meters, water softener, brine tank, gas heaters and hot water tank were part of the realty and included them in its award.

The testimony of the defendant was that the building had a value of $18,200, the lot $11,000 and his equipment $16,000. Other witnesses for defendant fixed the value of the lot at $11,000 and the replacement value of the building, including electric wiring, plumbing and heating, decorating, leveling lot and architectural planning as $19,715 less depreciation since 1948 of $1,773 or a then value of $17,942. Plaintiff's witnesses who qualified as expert witnesses testified to the market values of the lot and building as $20,000, $21,802 and $19,427.21. In these values are included the bulkhead, heating equipment and other items held a part

of the realty by the court but did not include the washing machines, extractors, or other equipment hereafter noted which the trial court found were personalty and not a part of the realty. The trial court took as its criterion the market value as set out and stated in his memorandum decision:

> "As to measure of damages, our court is committed to market value, that is, the amount for which it might reasonably be expected that the land in question, with improvements, would be sold by a willing seller to a willing buyer. It does not mean the amount which would be obtained on a forced sale. Neither does it mean the amount which might be obtained from a buyer in such a position that he is under peculiar or unusual pressure to purchase this particular land. We must consider an owner of such land who is willing to sell it at a fair and reasonable price, but who is not in any way forced to sell, and a buyer who is in the market for land of this character, and is willing to purchase such land, but not in any way forced to buy."

This is the rule announced in 18 Am.Jur., Eminent Domain, § 242, p. 875. Defendant in his brief states: "With this principle we cannot agree."

The "just compensation" to which an owner of property taken for public use is entitled under our Constitution is the full market value at the time of the taking. Chicago, M. & St. P. R. Co. v. Mason, 23 S. D. 564, 122 N.W. 601; Minneapolis-St. Paul Sanitary Dist. v. Fitzpatrick, 201 Minn. 442, 277 N.W. 394, 124 A.L.R. 897.

"Market value" is the highest price for which property can be sold in the open market by a willing seller to a willing buyer, neither acting under compulsion and both exercising reasonable judgment. Little v. Burleigh County, N.D., 82 N.W.2d 603. See also Sheraton-Midcontinent Corporation v. County of Pennington, 77 S.D. 554, 95 N.W.2d 892.

The burden of proof of the damages is on the owner of the property. 18 Am.Jur., Eminent Domain, § 342; 29 C.J.S. Eminent Domain § 271, p. 1257; Rath v. Sanitary District, 156 Neb. 444, 56 N.W.2d 741. There being a conflict

in the evidence it was the duty of the trial court to resolve it and under the rules announced in the cases cited above, there being evidence to support the court's finding as to the value and just compensation to be awarded defendant, we cannot reverse on that ground. The rule is not that this court or a judge thereof might have found a different value; it is that there being evidence to support the trial court's finding of $29,245.70 it must stand.

■ In Assignment No. V defendant contends that the court erred in failing to adopt his proposed Finding No. VIII which is as follows:

"The Court further finds that said laundromat is a special type of business and has a special value to the owner and that said value should be based upon the value to the owner and not upon the value to the City of Huron, State of South Dakota, or to the United States Government."

18 Am.Jur., Eminent Domain, § 245, is then quoted in defendant's brief: "It is the value to the owner, or the loss caused to him, and not the value to the condemner, that is to be taken into consideration." In the same text, 18 Am. Jur., § 242, the rule is stated: "When a parcel of land is taken by eminent domain, the measure of compensation to be awarded the owner is the price which would be agreed upon at a voluntary sale between an owner willing to sell and a purchaser willing to buy; in other words the test is the fair market value of the land." The defendant has not shown that his property is of a class such as a church or a college to which a different rule applies. See 18 Am.Jur., § 247, p. 885.

■ While defendant assails the expert evidence of plaintiff, this likewise was a matter of argument in and a decision for the trial court. State ex rel. Helgerson v. Riiff, 73 S.D. 467, 44 N.W.2d 126.

■ Defendant further contends that the trial court erred in finding: "That washing machines, extractors, dryers, hampers, tables, folding tables, ironers, furniture, vending machines, desk, scales, bleach containers and other miscellaneous equipment on the above described real property

are not fixtures of or a part of said real property or the structure thereon." Of this equipment it appears that only extractors were bolted to the floor. The washing machines were similar to the washing machines used in homes; it appears from the exhibits, evidence and briefs, and counsel on oral argument stated, that the only claimed annexation of these to the building was by an electrical cord with the usual outlet or plug-in similar to other electrical appliances, such as fans or toasters and hose connections similar to garden hose connections. Defendant testified that he replaced some of the washing machines in 1954 and made the connections of the hot and cold water hose couplings and plugging in of the electrical cords. The evidence also showed that defendant in 1956 signed his return of taxable property listing twenty laundromat washers, five dryers and extractors, chairs, tables, counters and show cases all as personal property. Defendant in his brief states that "The desk and furniture, although not attached, still remain a part of the building and necessary for the efficient use of the business" and this is quoted to show his claim to encompass these articles as part of the real property or unit. Defandant cites Metropolitan Life Ins. Co. v. Jensen, 69 S. D. 225, 9 N.W.2d 140 and the reasoning of that opinion as authority. There the trial court found that the windows and screens were fitted to the size of the windows in the house located on the real property, that the sink and bathtub were attached to the house and real property by soil pipes with the intention of being a permanent part thereof and the electric motor was part of a unit of a pump and water system in the house securely affixed to the real property with the intention that it be and remain a permanent part thereof. Here the affixation being of a different nature and the intention of the defendant stated in his personal tax return were sufficient for the trial court to find, and he did find that these items were personal property and that finding cannot be disturbed by this court. In re Whitlock Avenue in City of New York, 278 N.Y. 276, 16 N.E.2d 281, 282, is a condemnation action where a similar situation was presented to the Court of Appeals. In its opinion the court said:

"The mere fact that the articles involved herein are attached to the floor does not render them fixtures. McRea v. Central Nat. Bank of Troy, 66 N.Y. 489, 495. Machinery normally is personal property and is not deemed a fixture except where it is installed in such manner that its removal will result in material injury to it or the realty, or where the building in which it is placed was specially designed to house it, or where there is other evidence that its installation was of a permanent nature. In the absence of such proof the machinery does not become a fixture and a part of the realty, but remains personal property and is removable by the person who installed it. There is no such evidence of permanent installation concerning the looms involved in the case at bar. They were affixed to the floor merely for the purpose of maintaining their stability, and they were readily removable. * * *

"The claimant's inventory and appraisal of these articles includes many items which were not attached to the realty, such as steel lockers, cabinets, trucks, racks, tables, sewing mashines, and the like. Included also are many items which were bolted to the floor merely to maintain their stability such as ironers, sorting tables, washers, extractors and similar machinery. Although some of these machines had steam and water connections, they could be readily removed by disconnecting the unions which were attached to the piping. Concerning these items there can be no doubt that they did not constitute fixtures."

As to the defendant's claim of error that the trial court did not comply with SDC 37.4010 in that it did not find the compensation to be paid for each distinct lot or parcel of land or property taken or damaged, defendant states that "there were three items of valuation: the lot, the structure and the equipment. The Court failed to find separately on each of these items." The trial court found the value of the lot, building and such improvements as were part of the realty and as it was all located on one

lot there was compliance with this section. It was not the duty of the court to find the value of the lot separately from that of the building in order to comply with SD 37.4010. In Lineburg v. Sandven, 74 N.D. 364, 21 N.W.2d 808, 813, a similar question was presented to the Supreme Court of North Dakota where appellant claimed that the value of the lands and the buildings on a farm were two distinct factors. The Supreme Court said:

> "This contention cannot be sustained. 'Ordinarily buildings are part of the land and when land is taken for a public use the buildings and structures thereon are taken with it and the whole must be paid for'. 2 Lewis Em. Domain, 3d Ed., p. 1269. 'Land and buildings upon it constitute but one piece of property and benefits and damages are to be ascertained by ascertaining the effect upon it as a whole.' 4 Sutherland on Damages, 4th Ed., p. 4129."

Olson v. Thompson, N.D., 74 N.W.2d 432; 18 Am.Jur., Eminent Domain, § 253, p. 892. It was not necessary for the trial court to find the value of other property which the court found was personal property and not part of the real estate and not taken by the plaintiff.

Defendant argues that he is entitled to consequential damages citing Searle v. City of Lead, 10 S.D. 312, 73 N.W. 101, 39 L.R.A. 345; Olson v. City of Watertown, 57 S.D. 363, 232 N.W. 289, and Gellert v. City of Madison, 50 S.D. 559, 210 N.W. 978. These cases involved changes of a street grade abutting, and pollution of a stream crossing, the claimant's property and this court held that under Art. VI, § 13 of the South Dakota Constitution, damages could be recovered for injury to adjoining property not taken under the right of eminent domain. Two of defendant's assignments of error upon which he bases this argument are No. I, where he complains of the court's finding that the washers etc., are personal property and that the just compensation of the property taken is $29,245.70, and No. VIII, that the evidence is insufficient to justify the findings and judgment. These are the same points the defendant

has argued elsewhere and they have been discussed above. This is an appeal from the judgment only; if defendant desired the review of questions relating to specific consequential damages such as the cost of removal of personal property not taken, upon which subject we express no opinion, he should have raised the question in the trial court by presenting proposed or requested findings to, or other apt motion in, the trial court; the record does not show he did so. See SDC 33.1605, SDC 33.1607, SDC 33.0710 and Chambers v. Wilson, 67 S.D. 495, 294 N.W. 180 where this court quoted controlling portions of these statutes and stated the requirement therein of presenting the sufficiency of the evidence to the trial court in order to obtain a review thereof in this court, when the appeal is taken from a judgment only.

The judgment appealed from is affirmed.

All the Judges concur.