In the Matter of the TAX APPEAL OF LOGAN AND ASSOCIATES From a Decision of the South Dakota State Board of Equalization.

McCULLOCH GAS PROCESSING CORPORATION, Appellee,

v.

BUTTE COUNTY, South Dakota, Appellant.

No. 13853.

Supreme Court of South Dakota.

Considered on Briefs Jan. 21, 1983.

Decided March 9, 1983.

Robert B. Anderson of May, Adam, Gerdes & Thompson, Pierre, for appellee.

Chris Beesley, Butte County Deputy State's Atty., Belle Fourche, for appellant.

WOLLMAN, Justice.

This is an appeal from a judgment reversing the decisions of the State Board of Equalization and ordering that certain of appellee's property be reclassified as personal property. We affirm.

The property in issue is certain equipment and machinery of a gas processing plant that is owned by appellee [1] and that has not been in operation since 1978. The plant is located on land leased by appellee in Butte County. Prior to 1979, the equipment and machinery were assessed as personal property. Subsequent to the 1978 legislative repeal of the personal property tax, 1978 S.D.Sess.Laws, ch. 72, the Butte County taxing authorities changed the classification of the property to real property.

SDCL 10–4–2 specifies what shall be considered real property for taxation purposes. This section provides:

Real property, for the purposes of taxation, shall be construed to include the land itself, whether laid out in town lots or otherwise, and all buildings, structures, mobile homes as they are defined in subdivision (1) of § 34–34A–1 which are permanently affixed by foundation to the land upon which they are located, and improvements, including systems for the heating, air conditioning, ventilation, sanitation, lighting, and plumbing of such structures and buildings, and all rights and privileges thereto belonging or in anywise appertaining, trees or other fixtures of whatsoever kind thereon, and all rights and privileges thereto belonging or in anywise appertaining, and all mines, minerals, quarries in and under the same.

In addition, SDCL 10–4–2.1, which was enacted by the 1978 Legislature, provides: "Buildings and improvements on leased sites are classified for tax purposes and are taxed as real property." [2]

Appellant contends that the machinery and equipment in issue are improvements or fixtures under SDCL 10–4–2 and SDCL 10–4–2.1.

In determining whether an article is a fixture, we consider the following tests: (1) annexation to the realty; either actual or constructive; (2) its adaptability to the use and purpose for which the realty is used; and (3) the intention of the party making the annexation.[3] *Metropolitan Life Ins. Co. v. Jensen*, 69 S.D. 225, 9 N.W.2d 140 (1943). The intention of the party with regard to making the article a permanent accession to the realty is the controlling

---

1. Buildings are also located on the plant site. It appears from the record and the briefs that appellee does not contest the classification of these buildings as real property. SDCL 10–4–2.1, in fact, provides that buildings on leased sites are to be classified as real property.

2. The 1978 Legislature also deleted the following language from the definition of personal property set forth in SDCL 10–4–6:

   and all improvements made by persons upon lands held by them under the laws of the United States, except trees planted under the Timber Culture Act, and all such improvements upon lands, the title of which is still vested in any railroad company, or any other corporation whose property is not subject to the same mode and rule of taxation as other property.

   SDCL 10–4–6 now provides:
   Personal property, for the purpose of taxation, includes all goods, chattels, money, credits, and effects, wheresoever they may be; all ships, boats, and vessels belonging to the inhabitants of this state, whether at home or abroad, and all capital invested therein; all money at interest, whether within or without this state, due the person to be taxed, and all other debts due such person; all public stocks and securities; the capital stock of all insurance companies organized under the laws of this state, all stock in turnpikes, railroads, canals, and other corporations, except national banks out of the state, owned by the inhabitants of this state; all personal property of moneyed corporations, whether the owners thereof reside in or out of the state; the income of any annuity, unless the capital of such annuity is taxed within the state; and all shares of stock in any bank organized, or that may be organized, under the law of the United States or of this state.

3. SDCL 43–33–1 defines a fixture as follows:

   A thing is deemed to be affixed to land when it is attached to it by roots, as in the case of trees, vines, or shrubs; or imbedded in it, as in the case of walls; or permanently resting upon it, as in the case of buildings; or permanently attached to what is thus permanent, as by means of cement, plaster, nails, bolts, or screws.

criterion. *First Nat'l Bank of Aberdeen v. Jacobs,* 273 N.W.2d 743 (S.D.1978); *Metropolitan Life, supra; Killian v. Hubbard,* 69 S.D. 289, 9 N.W.2d 700 (1943). The other tests derive their chief value as evidence of such intention. *Metropolitan Life, supra.* Intention is deduced from the relation of the parties and the circumstances of a particular case. *First Nat'l Bank of Aberdeen, supra; Metropolitan Life, supra.*

The parties have stipulated to the facts in this case. The stipulation states that the equipment is all mounted on skids for ease of moving from one location to another, and the skids, to which the equipment is bolted, are bolted to concrete slabs to reduce vibration. Storage tanks are bolted to and removable from concrete footings. These tanks are connected to the plant by pipeline, part of which is underground. The stipulation further states that with the exception of the concrete floors and concrete slabs, the footings under the storage tanks, and the underground pipeline, the entire gas processing plant is assembled so as to be removable from one location to another.

We have stated:

> Machinery normally is personal property and is not deemed a fixture except where it is installed in such manner that its removal will result in material injury to it or the realty, or where the building in which it is placed was specially designed to house it, or where there is other evidence that its installation was of a permanent nature.

*City of Huron v. Jelgerhuis,* 77 S.D. 600, 608, 97 N.W.2d 314, 318 (1959) (quoting *In re Whitlock Ave. in City of New York,* 278 N.Y. 276, 277, 16 N.E.2d 281, 282 (1938).

Although appellant has stipulated that the plant was assembled so as to be readily removable and does not contend that removal of any of the machinery would result in material injury to the machinery or realty, appellant still maintains that other evidence shows that the installation of the machinery was of a permanent nature.

■ Appellant contends that the length of the lease, twenty years, is evidence that the installation of the machinery and equip-

ment was of a permanent nature. Appellant relies on *Michigan Nat'l Bank, Lansing v. City of Lansing,* 96 Mich.App. 551, 293 N.W.2d 626, 627 (1980), *aff'd,* 414 Mich. 851, 322 N.W.2d 173 (1982), which states:

> The permanence required is not equated with perpetuity. It is sufficient if the item is intended to remain where affixed until worn out, until the purpose to which the realty is devoted is accomplished or until the item is superseded by another item more suitable for the purpose.

Notwithstanding the lengthy lease period, the lease also provides that:

> Lessee and its successors and assigns, are further hereby granted the right to remove, in whole or in part, all installations and facilities on the premises connected therewith at any time. Removal of all facilities shall constitute abandonment, and shall terminate said lease and all rentals shall thereupon cease.

We agree with the trial court that this provision leads to the conclusion that the equipment and machinery were never intended to become a permanent installation.

Given the preeminence of the intent test, and the evidence from the stipulation of facts and lease which bears on intent, we must agree with the trial court that the machinery and equipment are not fixtures.

■ We must also consider whether the machinery and equipment constitute improvements. The term "improvement" is generally defined to include everything, such as buildings and fixtures, that permanently enhances the value of premises for general uses. 41 Am.Jur.2d *Improvements* § 1 (1968). The stipulated facts give lie to any contention that the machinery and fixtures in the case before us fall within that definition.

The judgment is affirmed.

DUNN and MORGAN, JJ., concur.

FOSHEIM, C.J., and HENDERSON, J., dissent.

FOSHEIM, Chief Justice (dissenting).

This case was presented to the trial court on briefs and stipulated facts. Stipulated facts have the status of special findings and on review the question is whether they are sufficient to support the judgment. *Farmers and Merchants Bank, Etc. v. Ksenych,* 252 N.W.2d 220 (S.D.1977), citing *Watsun v. Lincoln Nat. Life Ins. Co. of Ft. Wayne, Ind.,* 12 F.2d 422 (8th Cir.1926).

Whether the owner is trying to retain or the county is trying to change the character of the property for tax purposes is incidental. The central question is whether the property is actually real or personal as defined by statute.

The majority relies on *City of Huron v. Jelgerhuis,* 77 S.D. 600, 97 N.W.2d 314 (1959). That case is distinguishable. It involved readily detachable washing machines in a laundromat. In *Jelgerhuis,* 97 N.W.2d at 318, we noted:

> The washing machines were similar to the washing machines used in homes ... the only claimed annexation of these to the building was by an electrical cord with the usual outlet or plug-in similar to other electrical appliances, such as fans or toasters and hose connections similar to garden hose connections.

Appellee's buildings and equipment are affixed to the land (SDCL 43–1–3(2): "Real or immovable property consists of ... That which is affixed to land") and the fact that they are affixed by bolts does not take away their character as real property (SDCL 43–33–1: "A thing is deemed to be affixed to land when it is ... permanently attached to what is thus permanent, as by means of cement, plaster, nails, bolts or screws"). Here equipment is bolted to slabs of concrete 4 to 5 feet thick. Through and under this concrete are connecting underground pipes. It is difficult to visualize how structures or equipment could be more permanently affixed to the land. Based on these facts, judgment for appellee should not have been granted. *Ksenych, supra.*

I am hereby authorized to state that Justice Henderson joins in this dissent.