**In the Matter of the State Sales, Use and Excise Tax Liability of DIAGNOSTIC MEDICAL SYSTEMS, INC., Fargo, North Dakota, License No. 73–03746–8S and 91–00055–OE.**

### No. 15738.

Supreme Court of South Dakota.

Argued Oct. 5, 1987.

Decided Nov. 25, 1987.

Rehearing Denied Dec. 30, 1987.

Leo F.J. Wilking of Nilles, Hansen & Davies, Ltd., Fargo, Michael M. Hickey of Bangs, McCullen, Butler, Foye, & Simmons, Rapid City, for appellant.

Kim Mortenson, Sp. Asst. Atty. Gen., Pierre, for appellee; Roger Tellinghuisen, Atty. Gen., Pierre, on the brief.

HEEGE, Circuit Judge.

The issue to be resolved in this case is whether certain diagnostic medical equipment which is sold, installed and serviced by Diagnostic Medical Systems, Inc. in South Dakota hospitals and medical facilities is subject to the Contractors' Excise Tax on materials used in "realty improvement contracts" as contemplated by SDCL ch. 10–46A. To state the issue somewhat

more simply, "Is such equipment a 'fixture' when installed in a hospital or diagnostic medical facility?"

The Department of Revenue concluded that such equipment was taxable. The Department's decision was affirmed by the circuit court on appeal. We conclude that the equipment is not a fixture and thus not taxable and reverse the circuit court's judgment.

The facts presented to the Department of Revenue are not disputed in any relevant particular. Those facts are:

1. The equipment included in the assessment consists of radiographic systems (featuring a table fixed in a horizontal position and single exposure imaging of body organs and structures), radiographic/fluoroscopic (R/F) systems (distinguishable in that the table can be tilted so that it is perpendicular to the floor), generators or controls, spotfilm devices, a collimator and cameras. Each item of equipment weighs from 50 to 2500 pounds.

2. Some of the equipment (particularly x-ray machines) is bolted to the floor of the x-ray department, but the bolts are easily removed with the use of a standard car wrench. The 3 or 4 bolts used to secure the machine are primarily for the purpose of stabilizing the sensitive equipment.

3. No damage to the real estate or to the machines is sustained on moving the equipment, which can be done in a matter of hours.

4. The machines have a useful life of about 7 years and are fungible, in the sense that there is a substantial used machine market for them.

5. The x-ray equipment is ordinarily valued and sold separately from the real estate when a hospital or clinic changes hands.

6. Some hospitals have no x-ray departments.

7. The Internal Revenue Service treats the diagnostic equipment as personalty, for federal tax purposes.

8. Replacement of the machines is contemplated during the useful life of the building, and the diagnostic machines are regularly replaced by similar machines as they become obsolete or more sophisticated equipment becomes available.

9. The machines are installed in rooms specially designed for the department, however, the leaded walls and electrical service necessary to support the machines are easily converted into other uses, and the machines are frequently moved to other areas within or outside of the buildings.

10. The equipment in question is specialized machinery, suitable only for diagnostic medical uses.

11. The Department's audit supervisor testified that the sole criterion used in determining whether the equipment was subject to the excise tax was its portability.

Based on these undisputed facts the Department of Revenue concluded that the machinery was a "fixture." The totality of the circumstances lead one inevitably to the conclusion that this machinery was not intended to become a permanent accession to the realty, thus the machines were not transformed into "fixtures" and remained as personal property not subject to the contractors' excise tax on "realty improvement contracts."

This court has previously written:

Machinery normally is personal property and is not deemed a fixture except where it is installed in such manner that its removal will result in material injury to it or the realty, or where the building in which it is placed was specially designed to house it, or where there is other evidence that its installation was of a permanent nature. (emphasis supplied)

City of Huron v. Jelgerhuis, 77 S.D. 600, 608, 97 N.W.2d 314, 318 (1959) (quoting In Re Whitlock Ave. in City of New York, 278 N.Y. 276–277, 16 N.E.2d 281–282 (1938).)

This court has written and restated frequently:

In determining whether an article is a fixture, we consider the following tests: (1) annexation to the realty; either actual or constructive; (2) its adaptability to the use and purpose for which the realty is

**818**

used; and (3) the intention of the party making the annexation. * * * The intention of the party with regard to making the article a permanent accession to the realty is the controlling criterion. * * * The other tests derive their chief value as evidence of such intention ... *Intention is deduced from the relation of the parties and the circumstances of a particular case.* * * * (emphasis supplied) *Matter of Tax Appeal of Logan and Associates,* 331 N.W.2d 281, 282–283 (S.D.1983).

*Logan, supra,* involves machinery installed in a gas processing plant, which was held not to be "fixtures" under circumstances not unlike the instant case.

*City of Huron, supra,* teaches that washing machines, extractors, dryers, ironers and other equipment used in operation of a laundromat are not "fixtures". Again the circumstances are strikingly similar to the instant case.

Other cases where this court has considered the issue of what constitutes a "fixture" include *Metropolitan Life Ins. Co. v. Jensen,* 69 S.D. 225, 9 N.W.2d 140 (1943), and more recently *Dakota Harvestore Systems Inc. v. South Dakota Department of Revenue,* 331 N.W.2d 828 (S.D.1983). Because of the differences in the circumstances in those, as well as the other South Dakota cases, they are not particularly helpful as direct precedent.

We are not unmindful of the limitations suggested in considering a taxing statute contained in *Nash Finch Company d/b/a Prairie Market Stores v. South Dakota Department of Revenue,* 312 N.W.2d 470, 472 (S.D.1981): "As a general rule, statutes which impose taxes are to be construed liberally in favor of the taxpayer and strictly against the taxing body."

Having those precedents in mind, we have a definite and firm conviction that the Department of Revenue has made a mistake in declaring that the diagnostic equipment which was installed by Diagnostic Medical Systems, Inc. is subject to the contractors' excise tax.

The judgment of the circuit court which in turn affirmed the decision of the Department of Revenue is reversed.

WUEST, C.J., MORGAN and HENDERSON, JJ., and HERTZ, Circuit Judge, concur.

HERTZ, Circuit Judge, sitting for SABERS, J., disqualified.

HEEGE, Circuit Judge, sitting for MILLER, J., disqualified.