BRANNON *v.* VAUGHAN.

Opinion delivered December 24, 1898.

1. FIXTURE—WHAT IS NOT.—Proof that a box-house was placed on land under agreement with the conditional purchaser thereof that it should be subject to removal ·by the party erecting it will support a finding against the vendor that the building was not a fixture, where the latter was informed of such agreement while the building was being erected, and made no objection, especially when it does not appear that the house was attached to the land in any way except by its own weight,

nor that any injury would result to the land from its removal. (Page 89.)

2. SAME—WHAT IS.—A room built as an addition to a building situated on land conditionally sold, under agreement with the vendee that the person erecting it should have the right to remove it, of which agreement the vendor had no notice until after the room was built, will be held, on a forfeiture of the conditional sale, to be a fixture if it was so firmly attached to the building that it could not be removed without great injury thereto. (Page 90.)

Appeal from White Circuit Court.

HANCE N. HUTTON, Judge.

### STATEMENT BY THE COURT.

The appellant, Thomas Brannon, sold to B. W. Vaughan a tract of land; the price to be paid in installments. Vaughan executed his notes for the payment of the purchase price, and received from Brannon a bond for title to the land. In this bond it was stipulated that if Vaughan failed to make either of the payments mentioned therein, the contract to convey should "be forfeited and determined at the election of the said Thomas Brannon." Vaughan took possession of the land under his contract to purchase, and while thus in possession he permitted his son, A. P. Vaughan, to erect a box-house on the land, under an agreement that his son should have the right afterwards to remove said house. He also permitted his son-in-law, Allison, to erect an addition of one room to the original dwelling which was on the land at the time of the purchase from Brannon. The addition by Allison was also erected under an agreement with Vaughan that Allison should be allowed to remove same. Vaughan failed to pay for the land, and Brannon elected to declare the contract forfeited, and served a written notice on Vaughan, demanding the possession. He afterwards brought an action to recover possession of the land. After the notice demanding possession was served, the Vaughans and Allison tore down and removed the box-house and the one-room addition to the main building above mentioned. Brannon brought his action of replevin to recover the lumber in said buildings. The circuit judge held that the defendants, under the contract made with B. W. Vaughan, had the right to re-

cover said buildings, and that the lumber of which same were built did not belong to Brannon. He therefore gave judgment for defendants.

*D. McRae,* for appellant.

The relation between a vendor who has given his bond for title and his vendor is the same as that of mortgagor and mortgagee. 33 Ark. 345; 31 Ark. 247. The more strict rule as to removal of fixtures applies it such a case. Ewell, Fixt. 271, 273. The building was a fixture, and could not be moved without consent of the owner of the freehold. 53 Ark. 526; Ew. Fixt. 271. The burden was upon appellee to show an understanding or intention to remove the building. Ew. Fixt. 66, 39–43. A stranger can not remove fixtures so as to divest the title of the owner without his consent. Ew. Fixt. 47; Jones, Mortg. §§ 428, 433, 436a, 439. Permanent additions to a house can not be removed as personalty. Ew. Fixt. 128, 129. After default in payment of purchase money, appellant was the legal owner of the land and fixtures. 32 Ark. 478; 18 Ark. 579.

*S. Brundidge, Jr.,* for appellee.

Conceding the relation existing to be that of mortgagor and mortgagee, appellant's right is only a lien, and the other secured creditors have a right to insist on a marshaling of assets. Ewell, Fixt. 49. The presumption arising from annexation is rebuttable. Ewell, Fixt. 62. The intention of the parties in making the annexation governs. 53 Ark. 530; 56 Ark. 55; 63 Ark. 528.

RIDDICK, J., (after stating the facts). So far as the house erected by A. P. Vaughan is concerned, we think the judgment of the circuit court can be sustained. If this house had been built by the grantee, B. W. Vaughan, the presumption would be that he intended it as a permanent improvement of the land, and he would not be permitted to remove it. But the house was not erected by the grantee, but by a third party under an express agreement with the grantee that it should not become a part of the real estate, and should be subject to be removed by the party erecting it. The intention is thus shown that it

should not become a portion of the real estate. It does not appear that the house was attached to the land in any way except by its own weight, nor that any injury resulted to the land from its erection and removal. In addition to this A. P. Vaughan,, the party who erected it, testified that Brannon, the grantor, was present while he was building the house, and was informed of the agreement under which it was being erected, and it does not appear that he made objection. This proof tended to show that Brannon assented to the agreement as to the removal of the house. The evidence, taken as a whole, therefore, is sufficient to support the finding of the circuit court "that the building was not a fixture, and not part of the freehold, and that the defendant had the right to remove."

As to the room which was built by Allison as an addition to the original dwelling house situated on the premises, the case is different. There is no evidence in regard to this room, as there was in regard to the one erected by A. P. Vaughan, that while the building was being erected, Brannon, the grantor, was informed of the agreement giving right to remove. The evidence shows that he was informed of the agreement after the room was built, and it does not show that he made any response to the information. The uncontradicted evidence shows that this room was firmly attached to the main dwelling in such a manner that it could not be taken away without great injury to the main building. By being thus attached it became a part of the main building,—an addition to it, as the witnesses say,—and a part of the real estate to which the main building was attached. The fact that the grantor, Vaughan, had agreed that Allison should have the right to remove such addition cannot control the decision of the case; for the title to the land was not in him, and he had no authority to bind the owner thereof to an agreement that would result in injury to his land. The fact that this room was built as an addition to the main building, and so firmly attached to it that it could not be detached without greatly damaging such building, conclusively establishes the fact that, in the absence of any agreement with the owner of the land sold, it was real, and not personal, property, and belongs to such owner. *Choate* v. *Kimball*, 56 Ark. 55; Ewell on Fixtures, chapters 2, 3.

Had Vaughan paid for and become the owner of the land, then, in a contest between him and Allison as to whether this house was a fixture, a different question would have been presented, for he agreed, before its erection, that it might be removed, but Brannon, the appellant, made no such agreement.

Judgment reversed, and new trial granted as to the lumber in addition erected by Allison.  In other respects the judgment is affirmed.