PECK-HAMMOND COMPANY *v.* WALNUT RIDGE SCHOOL DISTRICT.

Opinion delivered December 20, 1909.

FIXTURES—RESERVATION OF TITLE—EFFECT.—Where a heating apparatus was sold to the contractor of a public school house, to be installed therein, upon condition that the title should remain in the vendor until the purchase price was paid, but the school board had no knowledge of such condition, and the apparatus was installed in the building, and thus became a part of the structure, the reservation of title could not be enforced.

Appeal from Lawrence Circuit Court, Eastern District; *Charles Coffin,* Judge; affirmed.

*E. H. Tharp* and *John W. & Joseph M. Stayton,* for appellant.

The heating plant became a part of the realty. Tiedeman on Real Prop., § § 3 and 4; 42 Miss. 71; 26 Grat. 752. As to whether personalty does, in any particular case, become realty, depends upon the understanding of the parties. 40 Mich. 693; 86 Mich. 106; 48 N. W. 692; 28 Vt. 428; 11 Fed. 1; 63 Ga. 499; 24 N. J. L. 287; 47 Kan. 442; 28 Pac. 168. But where title to personalty is retained, it does not become a fixture. 33 N. H. 66. Where the owner of personalty attached to realty mortgages it as personalty, it will be presumed that the parties intended it should remain personalty. 150 Mass. 281; 22 N. E. 900. Unless title passes, it remains personalty. 25 Minn. 173; 7 So. 499; 81 Tex. 99; 53 Fed. 19; 57 Cal. 3; 117 Mass. 471; 91 Mich. 409; 75 N. Y. 542; 17 Pac. 148; 24 Ind. 277; 86 Me. 394; 105 Mass. 239; 56 Miss. 552; 45 O. St. 289; 5 Wash. 787; 40 Am. R. 107; 30 Am. St. 488; 18 Atl. 93; 30 Atl. 14; 21 Mo. App. 69; 15 N. Y. Supp. 39; 32 Pac. 744; 10 L. R. A. (N. S.) 458; 42 Ark. 473; 49 Ark. 63; 55 Ark. 542; 30 Ark. 402; 47 Ark. 363; 48 Ark. 160; 66 Ark. 240; 68 Ark. 230.

*H. L. Ponder* and *W. E. Beloate,* for appellee.

The intention of the permanency of the installation is the test as to whether personalty becomes a fixture. 88 Ark. 129; 23 S. E. 420; 66 Ark. 80. Appellant waived any title he had to the personalty by erecting it on the land of appellee without notice that he looked to the property for payment or that title did not

pass. 88 Ark. 99; 83 Ark. 383. His only remedy is against the wrongdoer. 5 Hill 116; 134 N. Y. 464; 48 N. Y. 287.

HART, J. In November, 1906, the board of directors of Walnut Ridge Special School District entered into a contract with one J. L. Park for the construction of a school house in the town of Walnut Ridge. The plans and specifications, which were a part of the contract, provided for the installment of a heating plant. Park made a contract with the Peck-Hammond Company, of Cincinnati, O., to furnish the material and install the heating apparatus. The contract provided that the title to the material furnished should remain in the vendor until paid for. The heating plant, with the necessary warm air furnaces, pipes, flues, registers, facings, etc., was duly erected in the school house. Park failed to complete the building, and turned it, with the heating plant which had been installed, over to the board of directors, who had the building finished. The school district paid out more than the contract price to erect the building. They knew nothing of the terms of the contract between Park and the Peck-Hammond Company. They did not know that the contract for the heating apparatus provided that the title to the property should remain in the vendor until paid for. Park failed to pay for the heating apparatus, and the vendor instituted this suit in replevin to recover it.

The Peck-Hammond Company adduced evidence tending to show that the machinery which composed the heating plant could be removed, without injury to the school building. On the other hand, the school district adduced evidence tending to show that it was a part of the building, and could not be detached without defacing and otherwise injuring the building. The court dismissed the complaint against the school district, and the plaintiff has appealed.

We think the judgment was right. The cases cited by counsel for appellant are cases where the contract reserving title in the chattels was made with the owner of the land, and have no application to the facts of this case. Under the facts as disclosed by the record, the present case is ruled by the principle announced in *Brannon* v. *Vaughan,* 66 Ark. 87.

The heating plant was installed under a contract with Park in a building on land belonging to the school district. Appellant

knew that the building was not being erected for occupancy by Park, but that it was built for use as a school 'house, and that the installation of a heating plant was a necessary adjunct to the building.

The board of directors were not parties to the contract between appellant and Park, and had no knowledge of the condition thereof. Under such a state of facts, there is a necessary inference that the heating plant was affixed permanently to the structure, and a conclusive presumption that it should become a part of the realty.

Judgment affirmed.