MICHIGAN NATIONAL BANK, LANSING v CITY OF LANSING

Docket Nos. 44162, 44163, 44164, 44165, 44166, 44167. Submitted February 14, 1980, at Lansing.—Decided April 2, 1980. Leave to appeal applied for.

Michigan National Bank, Lansing, petitioned the Tax Tribunal for review of six real property assessments made by the City of Lansing on certain of Michigan National's property. The issue is whether bank vault doors, night depository equipment, drive-up teller window equipment and remote transaction systems are real property, subject to taxation, or are personal property and exempt from taxation. The Tax Tribunal found that the items were fixtures which were subject to taxation as real property. Michigan National appeals. *Held:*

1. The Tax Tribunal properly found the items in question to be fixtures. They are all physically annexed to the realty in such a manner as to establish an intent to permanently affix them to the realty. The items are therefore real property for purposes of taxation.

2. Michigan National alleges that the items are trade fixtures and are thus personalty. However, the trade fixture doctrine applies only to a lessor-lessee situation, and therefore does not apply in five of the six cases where Michigan National owns the realty.

3. The trade fixture doctrine also does not apply in the sixth case, where Michigan National leases the property, because the doctrine applies only to lessors and lessees. As to a third party, *i.e.,* the Tax Tribunal, trade fixtures are properly considered to be a part of the realty.

Affirmed.

1. APPEAL — TAX TRIBUNAL — SCOPE OF REVIEW.

The Court of Appeals, in reviewing a decision of the Tax Tribunal, is bound by the factual determinations of the Tax Tribunal

REFERENCES FOR POINTS IN HEADNOTES

[1] 2 Am Jur 2d, Administrative Law §§ 185, 618, 619, 641, 643, 653, 657, 675.

[2] 71 Am Jur 2d, State and Local Taxation § 201 *et seq.*

[3] 71 Am Jur 2d, State and Local Taxation §§ 207, 440.

[4, 5] 71 Am Jur 2d, State and Local Taxation § 207.

and, where no fraud is alleged, the review is limited to the question of whether the Tax Tribunal committed an error of law or adopted a wrong principle.

2. TAXATION — REAL PROPERTY — STATUTES.

Real property, for purposes of taxation, includes all lands within the state and all buildings and fixtures thereon (MCL 211.2; MSA 7.2).

3. FIXTURES — REAL PROPERTY — TAXATION.

The test for determining whether or not an item is a fixture, and therefore real property for taxation purposes, includes three factors: (1) annexation to the realty, either actual or constructive; (2) adaptation or application to the use or purpose of that part of the realty to which it is connected or appropriated; and (3) intention to make the article a permanent accession to the realty.

4. FIXTURES — TRADE FIXTURES — RIGHT OF REMOVAL.

A trade fixture is a fixture which has been annexed to leased realty by a lessee for the purpose of enabling him to engage in a business; a trade fixture may be removed by the lessee and is characterized as personalty with respect to the lessee's right of removal.

5. FIXTURES — TRADE FIXTURES — REAL PROPERTY — PERSONAL PROPERTY.

The trade fixture doctrine applies only in lessor-lessee situations; although a trade fixture may be personal property as between a lessor and lessee, as to third parties it is properly considered to be a part of the realty.

*Kramer, Mellen, Wagner & Ishbia, P.C.,* and *Leo Goldstein, P.C.,* for petitioner.

*Stephen R. Sawyer,* for respondent.

Before: J. H. GILLIS, P.J., and ALLEN and M. J. KELLY, JJ.

J. H. GILLIS, P.J. This is an appeal from a Michigan Tax Tribunal order affirming six real property assessments made by the respondent on certain items of petitioner's property. Five of the assess-

ments concern properties owned by the petitioner and one of the assessments involves property leased by the petitioner. The matter in dispute is whether certain items of bank equipment, specifically, bank vault doors, night depository equipment, drive-up teller window equipment and remote transaction systems, are subject to assessment and taxation as real property or whether they are items of personal property which are exempt from taxation under MCL 211.9(m); MSA 7.9(m).

In an opinion dated February 14, 1979, the Tax Tribunal affirmed the assessments holding that each of the items was subject to assessment and taxation as real property. The petitioner appeals from that determination as of right. See *CAF Investment Co v Saginaw Twp,* 79 Mich App 559; 262 NW2d 863 (1977), MCL 205.753; MSA 7.650(53).

This Court's authority to review a decision of the Tax Tribunal is very limited. On appeal, we are bound by the factual determinations of the Tribunal. *Ironwood v Gogebic County Board of Comm'rs,* 84 Mich App 464, 469; 269 NW2d 642 (1978). Where, as here, no fraud is alleged, our review is limited to the question of whether the Tribunal committed an error of law of adopted a wrong principle. *Consolidated Aluminum Corp, Inc v Richmond Twp,* 88 Mich App 229, 231; 276 NW2d 566 (1979), Const 1963, art 6, § 28.

For the purpose of taxation, real property includes "all lands within the state, and all buildings and fixtures thereon". MCL 211.2; MSA 7.2. Petitioner contends that the Tribunal erred as a matter of law in concluding that the items were fixtures. We disagree.

The test to be applied in order to ascertain

whether or not an item is a fixture emphasizes three factors:

(1) Annexation to the realty, either actual or constructive;

(2) Adaptation or application to the use or purpose of that part of the realty to which it is connected or appropriated; and

(3) Intention to make the article a permanent accession to the realty. *Morris v Alexander,* 208 Mich 387; 175 NW 264 (1919), *Peninsular Stove Co v Young,* 247 Mich 580; 226 NW 225 (1929). The intention which controls is that manifested by the objective, visible facts. The permanence required is not equated with perpetuity. It is sufficient if the item is intended to remain where affixed until worn out, until the purpose to which the realty is devoted is accomplished or until the item is superseded by another item more suitable for the purpose. See *San Diego Trust & Savings Bank v San Diego County,* 16 Cal 2d 142; 105 P2d 94 (1940).

Applying these factors to the present case necessitates the conclusion that the Tribunal properly found the items in question to be fixtures. All four items are physically annexed to the realty. The night depository equipment, drive-up window equipment and the vault doors are all cemented into place. Once installed, they are integrated with and become part of the wall in which they are mounted. The remote transaction units are also physically integrated with the land and the buildings. Such a unit consists of a roof-type canopy supported by pillars which extends from the building wall or roof over the customer unit. The customer unit is mounted with steel bolts to a specially constructed concrete island. A pneumatic tube system runs either up into the canopy or down into the ground and then into the building.

Furthermore, each item is adapted to the use of the realty. In fact, not only is the present use of these buildings dependent on the presence of these items, none of these items can be used unless they are affixed to a building or land.

Taken together, these factors establish the petitioner's intent to permanently affix these items to the realty. The Tribunal did not err in classifying them as fixtures. As fixtures they are real property under MCL 211.2; MSA 7.2.

The petitioner further contends that, even if these items are found to be fixtures, they are trade fixtures and as such are classified as personal property which is exempt from taxation.

A trade fixture is merely a fixture which has been annexed to leased realty by a lessee for the purpose of enabling him to engage in a business. The trade fixture doctrine permits the lessee, upon the termination of the lease, to remove such a fixture from the lessor's real property. With respect to the lessee's right of removal, a trade fixture is characterized as personalty. See *Cameron v Oakland County Gas & Oil Co,* 277 Mich 442; 269 NW 227 (1936). The doctrine by its terms applies only in lessor-lessee situations. Accordingly, the petitioner cannot contend, with respect to the five involved properties which are owned, that the doctrine operates to exempt the items in question from taxation as personalty.

One of the involved properties, however, is leased by the petitioner. With respect to that property, the question remains whether the trade fixture doctrine operates to render the disputed items which are annexed thereto exempt from taxation. The answer is that it does not.

The rule regarding trade fixtures which arose out of commercial necessity for the limited pur-

pose of protecting tenants in the ownership of certain kinds of property has no application between other parties in other relationships. Although as between lessor and lessee trade fixtures might be personal property, as to third parties they are properly considered as a part of the realty. *In re Widening of Gratiot Ave, East Grand Boulevard to Townsend,* 294 Mich 569, 577; 293 NW 755 (1940), *Trabue Pittman Corp v Los Angeles County,* 29 Cal 2d 385; 175 P2d 512 (1946), 2 Tiffany, Real Property (3d ed), § 620, pp 605-606. Thus, for the purpose of taxation, trade fixtures are properly classified as real property. The petitioner's contention that the Tribunal erred in not applying the trade fixture doctrine to the instant case is, accordingly, without merit.

In summary, the Tax Tribunal neither made an error of law nor applied a wrong principle in concluding that the items in question were properly taxed as realty. Its decision is therefore affirmed.