J. W. DOBBINS *v.* Don LACEFIELD and L & L Oil Company

CA 90-401                                   811 S.W.2d 334

Court of Appeals of Arkansas
Division I
Opinion delivered June 19, 1991

*Jeff Dobbins*, for appellant.

*Poynter & Gearhart, P.A.*, by: *Terry M. Poynter*, for appellee.

GEORGE K. CRACRAFT, Chief Judge. J.W. Dobbins appeals from a judgment entered against him in favor of appellees Don Lacefield and L & L Oil Company for conversion of personal property. We find sufficient merit in one of appellant's points advanced on appeal to warrant reversal.

The record indicates that appellant was the owner of a sixty-acre tract of unimproved and undeveloped land. In 1987, appellant leased five acres of the tract to Floyd Pittman, who desired to erect a building on the land and operate a convenience store and gas station. The lease provided for an initial term of two years at an annual rental of $1800.00, with the option to renew for an additional five years at a substantially higher annual rental. The lease further provided that "Any improvements placed on the

premises by Lessee shall become the property of Lessor upon termination of this lease."

Pittman constructed a building on the property and appellees, as petroleum distributors, supplied him with certain equipment to be used in connection with his business, including three 6,000-gallon underground gasoline storage tanks and a 24-foot by 32-foot canopy, which are in issue here. The gasoline tanks were installed by digging a 20-foot by 30-foot hole, 10 feet deep, with a backhoe. The tanks were placed in the hole by use of heavy equipment, packed with washed sand, and attached to underground electrical cables and pipes that connected the tanks to the above-ground dispensers. In order to remove the tanks, a backhoe and other heavy equipment would be required. The canopy was erected on two poles set in concrete with underground cables running to the canopy from the gasoline dispensers. In order to remove the canopy, a cutting torch must be used to cut the two steel poles, leaving the concrete island. It would take three people two days to disassemble the top portion of the canopy.

Pittman closed the business prior to the expiration of the initial lease term and did not exercise his option to renew. Several months later, appellees advised appellant that they claimed all of the equipment that they had furnished to Pittman under an alleged oral agreement between appellees and Pittman in which appellees retained ownership of the equipment. Appellant refused to return the equipment to appellees, claiming that it constituted fixtures that had become part of the realty owned by appellant pursuant to the written lease agreement he had with Pittman. Appellees then secretly entered appellant's property and removed all of the disputed items except the above-described canopy and gasoline tanks.

Appellant brought this action against appellees for damages in the amount of the value of the equipment that appellees had removed and for a preliminary injunction prohibiting appellees from entering his property and removing the tanks and canopy. Appellees counterclaimed for the value of the tanks and the canopy, relying on their alleged agreement with Pittman. At trial, appellant's motion for directed verdict was denied and the jury found against appellant on his complaint and in favor of appellees on their counterclaim. After remittitur, judgment was entered

against appellant for $16,000.00. This appeal is taken only as to the judgment on appellees' counterclaim.

■■ On appeal, appellant contends that the trial court erred in denying his motion for judgment notwithstanding the verdict, arguing that the finding that the tanks and canopy had not become part of the realty by annexation was not supported by substantial evidence and that they were fixtures as a matter of law. We agree. A trial court may enter a judgment notwithstanding the verdict only if there is no substantial evidence to support the verdict and one party is entitled to judgment in his favor as a matter of law. On appeal, we review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the party against whom the judgment notwithstanding the verdict is sought. *Johnson Timber Corp.* v. *Sturdivant*, 295 Ark. 622, 752 S.W.2d 241 (1988); *McCuistion* v. *City of Siloam Springs*, 268 Ark. 148, 594 S.W.2d 233 (1980).

■■ The test for determining whether items are fixtures is: (1) whether the items are annexed to the realty; (2) whether the items are appropriate and adapted to the use or purpose of that part of the realty to which the items are connected; and (3) whether the party making the annexation intended to make it permanent. *McIlroy Bank and Trust* v. *Federal Land Bank*, 266 Ark. 481, 585 S.W.2d 947 (1979). The issue of whether chattels that have been firmly affixed to the real estate have retained their character as movables is ordinarily one for the jury to resolve. *Thomas Cox & Sons Machinery Co.* v. *Blue Trap Rock Co.*, 159 Ark. 209, 251 S.W. 699 (1923).

The rule applicable to the facts of this case is best stated in *Thomas Cox & Sons Machinery Co.* v. *Blue Trap Rock Co.*, *supra*. There, a lessee purchased machinery from a supplier who retained title. The lessee firmly affixed the machinery to the realty with the full knowledge of the supplier. Whether or not the landowner had knowledge of, or acquiesced in, the agreement for retained title between the lessee and supplier was questioned in the evidence. The trial court found the machinery to be fixtures and directed a verdict against the supplier and in favor of the lessor. On appeal, the supreme court ruled that whether the articles were fixtures was an issue of fact for the jury to determine. The court stated that, if the lessor permitted the machinery to be

firmly affixed to his realty with knowledge of the fact that the supplier had retained title, the lessor would be estopped to assert that the articles in controversy were fixtures and that he had acquired title to them by virtue of his ownership of the land to which they were affixed. The court further stated that, on the other hand, if the supplier furnished the machinery to the lessee knowing that it would be affixed to the realty in such a manner that it could not be removed without damage to the realty, and if the *lessor was ignorant of the fact of the retained title*, the supplier could not recover the machinery. *See Peck-Hammond Co.* v. *Walnut Ridge District*, 93 Ark. 77, 123 S.W. 771 (1909); *Brannon* v. *Vaughan*, 66 Ark. 87, 48 S.W. 909 (1898).

At trial, appellee Lacefield testified that he had placed the disputed items on the premises for Pittman's use with Pittman's understanding that appellee could remove the property at any time. Appellee did not know appellant and had no dealings with him prior to the termination of the Pittman lease. Appellee stated that appellant was never a party to any agreement he had with Pittman and that, at the time that the items were furnished to Pittman, he (appellee) thought that Pittman owned the land but had not checked to find out. Appellee further offered testimony of custom and usage among petroleum products distributors for the limited purpose of proving his intention and understanding with Pittman.

Appellant testified that Pittman told him that he (Pittman) was buying the disputed items but that appellant had no knowledge from whom Pittman was purchasing them. He testified that he did not know appellee and had no dealings with him at anytime prior to the termination of Pittman's lease. Appellant's first knowledge of appellee came when claim was made for the removal of the equipment after Pittman abandoned the property. Appellant had no knowledge of any agreement between appellee and Pittman. Appellant testified that because Pittman had agreed in the lease to give him the improvements at the termination of the lease, appellant had agreed to take less rent than the property was worth.

The written lease agreement between appellant and Pittman provided that any improvements placed on the premises by Pittman shall become the property of appellant upon termina-

tion of the lease. There is no evidence to the contrary that appellees' equipment had been attached to appellant's real estate in such a manner that it could not be removed without serious injury to the realty and was appropriate and adapted to the use or purpose of that part of the realty. There is no evidence that appellant had any knowledge of, or that he acquiesced in, any agreement between appellee and Pittman. Therefore, on the facts of this case, we conclude that the finding that this property so firmly affixed to the land had retained its character as chattels is not supported by substantial evidence.

Reversed and dismissed.

JENNINGS and MAYFIELD, JJ., agree.