In re Appeal of SHEETZ, INC., from the Action of the Board of Assessment and Revision of Taxes for Blair County.

In re Appeal of Stanton R. SHEETZ, from the Action of the Board of Assessment and Revision of Taxes for Blair County.

Blair County Board of Assessment and Revision of Taxes for Blair County, Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 15, 1995.
Decided April 13, 1995.

David R.M. Barnes, for appellant.

Dusty Elias Kirk and Sandy B. Garfinkel, for appellee.

Before COLINS, President Judge, and DOYLE, McGINLEY, SMITH, PELLEGRINI, KELLEY and NEWMAN, Judges.

PELLEGRINI, Judge.

The Board of Property Assessment and Revision of Taxes for Blair County (Board) appeals from an order of the Court of Common Pleas of Blair County (trial court) reversing the Board's determination in two real estate assessment appeals that structures over gas pumps were real estate and subject to real property taxes.[1]

---

1. The Board originally filed an appeal from the trial court's decision with this court which we

Sheetz, Inc. (Sheetz) owns and operates convenience stores in Pennsylvania. Each store consists of a one-story building, gasoline pumps, a parking area and a lighted canopy over the pumps. The canopies are used to protect the pumps and its customers from inclement weather. They are large metal structures with poured concrete foundation; in the two stores before the Board, one was 24-by-84 feet and the other was 24-by-44 feet.[2] The canopies are fabricated off premises and can be and have been relocated with relative ease from one store to another. Weighing between 20 and 35 tons each, the canopies are mounted on pillars attached to the ground by bolts sunk in poured concrete foundation which, in turn, are also covered with concrete. For tax purposes, Sheetz classifies the canopies as personal property. The Pennsylvania Department of Revenue (Department) subjects the sale of the canopies to sales and use taxes, and a federal tax credit that can only be taken for equipment purposes was allowed for canopies.

The Board determined that the canopies were improvements to the land rather than personal property, and that local taxing bodies could levy real estate taxes upon them. Sheetz appealed that determination to the trial court. Because the canopies could be removed with little damage to the land, it contended that they are not real estate but personalty. The trial court agreed, finding that the canopies were personalty and reversed the Board. This appeal followed.

The Board contends that the trial court erred in finding that the canopies were not real estate because the canopies fall within the definition of taxable real estate as that is defined in the Fourth through Eighth Class County Code. Section 201 defines "taxable real estate" as:[3]

The following subjects and property shall as hereinafter provided be valued and assessed and subject to taxation for all county, borough, town, township, school (except in cities), poor and county institution district purposes, at the annual rate,

(a) All real estate, to wit: Houses, house trailers and mobilehomes permanently attached to land or connected with water, gas, electric or sewage facilities, buildings, land, lots of ground and ground rents, trailer parks and parking lots, mills and manufactories of all kinds, all office type construction of whatever kind, that portion of a steel, lead, aluminum or like melting and continuous casting structures which enclose, provide shelter or protection from the elements for the various machinery, tools, appliances, equipment, materials or products involved in the mill, mine, manufactory or industrial process, and all other real estate not exempt by law from taxation. . . .

While the Board concedes that canopies are not a named item specifically mentioned under Section 201 of the Code, it argues that canopies fit within the definition of "all other real estate not exempt by law from taxation" and, at the very least, are "fixtures".[4] As before the trial court, Sheetz contends that they are personalty and even though attached to the land, can be removed easily and are not real estate.

In *Clayton v. Lienhard*, 312 Pa. 433, 167 A. 321 (1933), the Supreme Court stated that "chattels" used in connection with real estate are divided into three categories:

Chattels used in connection with real estate are of three classes: First, those which are manifestly furniture, as distinguished from improvements and not pecu-

quashed because it was not timely filed. *In re: Appeal of Sheetz,* —— Pa.Commonwealth Ct. ——, 651 A.2d 563 (1994). The Board then filed a petition for allowance of appeal with our Supreme Court. The petition was granted, our order was reversed, and the case was remanded to this court for consideration of the merits. *In re: Appeal of Sheetz,* 539 Pa. 107, 650 A.2d 443 (1994).

**2.** The two convenience stores at issue are located at 12–30 Fourth Avenue, Altoona, Blair County,

and 1661 East Pleasant Valley Boulevard, Logan Township, Blair County.

**3.** Section 201 of the General County Assessment Code, Act of May 22, 1933, P.L. 853, *as amended,* 72 P.S. § 5020–201, contains a similar definition for the matters at issue in this case.

**4.** Because the canopy is affixed to the land, and because it is the intent of Sheetz that it is permanent, the canopy is real property.

liarly fitted to the property with which they are used; these always remain personalty. .... Second, those which are so annexed to the property that they cannot be removed without material injury to the real estate or to themselves; these are realty, even in the face of an expressed intention that they should be considered personalty—to them the ancient maxim "Quiequid plantatur solo, solo cedit" applies in full force.[5] .... Third, those which, although physically connected with the real estate, are so affixed as to be removable without destroying or materially injuring the chattels themselves, or the property to which they are annexed; these become part of the realty or remain personalty, depending upon the intention of the parties at the time of the annexation; in this class fall such chattels as boilers and machinery affixed for the use of an owner or tenant but readily removable.... (Citations omitted.)

▮ In addressing whether chattel or an article of property becomes so affixed to the land that it becomes part of the real estate, we stated in *Gore v. Bethlehem Area School District,* 113 Pa.Commonwealth Ct. 394, 398, 537 A.2d 913, 915 (1988) that:

A fixture is an article in the nature of personal property which has been so an-

nexed to the realty that it is regarded as part and parcel of the land. Black's Law Dictionary 575 (5th Ed.1979). The considerations to be made in determining whether or not a chattel becomes a fixture include (1) *the manner in which it is physically attached or installed,* (2) *the extent to which it is essential to the permanent use of the building or other improvement, and* (3) *the intention of the parties who attached or installed it.* McCloskey, 101 Pa.Commonwealth Ct. at 113–4, 515 A.2d at 644 citing Clothier, The Law of Fixtures in Pennsylvania, 32 Pa. B.Q. 66, 66–67 (1960–61). (Footnote omitted.) (Emphasis added.)

*See also J.W. Dobbins v. Lacefield,* 35 Ark. App. 24, 811 S.W.2d 334 (1991); *Michigan National Bank v. City of Lansing,* 96 Mich. App. 551, 293 N.W.2d 626 (1980).[6]

As to the first consideration—the manner in which the article is installed—while a canopy can be removed with little damage to the real property requiring only removal of the concrete and bolts, to "unaffix" the canopy, significant effort is required to disassemble it into its component parts yet leaving the poured concrete foundation in place. Even if the canopies could be removed with no damage or little effort would not necessarily mean that they were not taxable as real estate. Modern construction methods and types of structures allow material that stays

---

5. Whatever is affixed to the soil, belongs to the soil.

6. Sheetz argues that because they paid Pennsylvania sales and use tax on the canopies when sold to them and that they took a federal income equipment deduction for federal tax purposes, that is evidence that the canopies are personalty. As to the imposition of sales and use tax, there is nothing inconsistent in paying a sales and use tax on the sale of the personalty, and then, when installed and a fixture, being taxed as real estate. If you buy a kitchen faucet, you pay a sales tax, but once you install it, it is incorporated into the real estate and is taxable as such. As to the federal equipment deduction, Sheetz urges us to consider *JFM, Inc. and Subsidiaries v. Commissioners,* 67 T.C.M. 3020, 1994 WL 223949 (1994), a single-judge opinion of the Tax Court that held that for purposes of depreciation under the Federal Tax Code, canopies were subject to personal property depreciation standards. Quoting from *Whiteco Industries, Inc. v. Commissioner,* 65 T.C. 664, 672–673, 1975 WL 3184, the Tax Court judge points out that "[l]ocal law shall not be

controlling for purposes of determining whether property is or is not 'tangible' or 'personal'. Thus, the fact that under local law, property is held to be personal property or tangible property shall not be controlling. Conversely, property may be personal property for the investment credit, even though under local law, the property is considered to be a fixture, and, therefore, real property." Just as federal courts are not required to follow state court taxes, the federal government classifies property for the purposes of the federal tax laws based on their regulations is not determinative on how Pennsylvania courts will classify property under Pennsylvania tax statutes. *See Pittsburgh Institute of Aeronautics Tax Exemption Case,* 435 Pa. 618, 258 A.2d 850 (1969). Finally, as to Sheetz's contention that because the Blair County Board of Assessment doesn't assess signs, then canopies should not be assessed. Ignoring for the moment that determination itself has never been held to be proper, whether the Board assesses or doesn't assess signs as real property is irrelevant to a determination as to whether canopies should be assessed.

for years on a piece of property to be moved with little damage to the property. Acoustic ceiling panels "affixed" by gravity and removable with no damage to the property are nonetheless taxable as real estate as are door handles and kitchen faucets when attached to a structure. In *Streyle v. Board of Property Assessment*, 173 Pa. Superior Ct. 324, 98 A.2d 410 (1953), the Superior Court examined whether a trailer home was realty or personalty. The Superior Court said that "[h]ouse trailers, so long as they remain mobile, i.e., equipped with wheels, are personal property ... and not subject to taxation as real estate." *Id.* at 327, 328, 98 A.2d at 412. If a house trailer can be taxable as real estate when its wheels are removed, even though it can be moved by replacing the wheels with no damage to the real estate, a canopy affixed by bolts to a specially poured concrete foundation and then covered by concrete is substantially affixed to the land.[7]

As to the second factor—whether it is essential to the use of the improvement— canopies are a customary and usual part of a gasoline station to protect customers and pumps from the elements. Sheetz's chief financial officer testified that canopies were needed to improve Sheetz's overall image or customer perception of product quality and provide for significant improvement in lighting for the sales area and the customer parking lots to provide for a safer environment. Moreover, he testified that those locations that have canopies installed have a significant increase in volume. The essential nature of canopies is confirmed by the number of land use cases where owners sought variances to allow canopies because they are necessary for the operation of modern gasoline stations with self-service pumps. *M & M Sunoco v. Upper Makefield Township*, 154 Pa.Commonwealth Ct. 316, 623 A.2d 908 (1993); *Atlantic v. Zoning Hearing Board of Upper Merion Township*, 133 Pa.Commonwealth Ct. 261, 575 A.2d 961 (1990); *Mobil Oil Corp.*

*v. Zoning Hearing Board of Tredyffrin Township*, 100 Pa.Commonwealth Ct. 480, 515 A.2d 78 (1986); *Amoco Oil Co. v. Ross Township Zoning Hearing Board*, 57 Pa.Commonwealth Ct. 376, 426 A.2d 728 (1981); *Whitehall Township v. B.P. Oil Inc.*, 46 Pa.Commonwealth Ct. 144, 406 A.2d 250 (1979).

 Finally, of paramount importance is the intention of the parties when they attach the property and whether they want it to be a permanent part of the real estate. The prior considerations—the manner in which the property is affixed and the reason it is done in the particular situation—can be looked at as merely objective manifestations that aid in determining the intention of the parties. 5 *Powell on Real Property*, § 652[2]; Tiffany, *Real Property*, § 607 (3rd Ed.); 1 *Thompson on Real Property*, § 566. That is so because the intention of the party "is not so much what a particular party intended his legal rights to be, as it is what intended use of the property was manifested by the conduct of the party." *McCloskey v. Abington School District*, 101 Pa.Commonwealth Ct. 110, 114, 515 A.2d 642, 644 (1986) (quoting Clothier, *The Law of Fixtures in Pennsylvania*, 32 Pa. B.Q. 66, 66–67 (1961)). "The permanence required is not equated with perpetuity. Just because they have been and can be moved does not mean the intention was not to make them permanent. It is sufficient if the item is intended to remain where affixed until worn out, until the purpose to which the realty is devoted is accomplished or until the item is superseded by another item more suitable for the purpose." *Michigan National Bank*, 96 Mich. App. at 554, 293 N.W.2d at 627. Nothing in the record indicates that the canopies are an item that anyone intends to remove as long as the property is being used as a convenience store selling gasoline. They are an integral part of Sheetz's property and will be affixed until worn out or Sheetz no longer occupies the premises. As such, they are part of the realty and are taxable as real estate.[8]

---

**7.** The degree of attachment necessary to evidence an intent of permanence is not high. As one commentator has pointed out:

> It is easiest to satisfy the mechanical approach suggested by the annexation factor if the item is cemented, *bolted,* or welded into place, so the realty and the fixture are united.

5 *Powell on Real Property*, § 652[2] p. 57–32 (emphasis added).

**8.** While the courts of this Commonwealth have never addressed whether canopies are consid-

Accordingly, the decision of the trial court is reversed.

### ORDER

AND NOW, this 13th day of April, 1995, the order of the Court of Common Pleas of Blair County is reversed.

SMITH, Judge, dissenting:

I dissent because the trial court did not err in determining that Sheetz, Inc.'s canopies have retained the nature of personal property and therefore are non-taxable as realty. Before the trial court Sheetz presented among others the testimony of Richard A. Vanevenhoven, vice president of finance, and Michael J. Dick, installation and service manager of Sheetz, Inc., and Vernon L. Weaver, president of Bolger Brothers, Inc., a company which removed and installed canopies for Sheetz. Vanevenhoven testified that the Department of Revenue audited Sheetz for the years 1984 through 1987 and found that the purchase and installation of canopies were subject to sales and use tax as tangible personal property.

The Department assessment was based on the following findings: the canopies are affixed to the foundation by anchor bolts; the canopies can be disassembled and relocated to another store since anchor bolts are used and there is no welding; Sheetz classifies the canopies for accounting and tax purposes as equipment and not leasehold improvement of the building; and it took federal investment tax credit on the canopies which can only be taken for equipment purchases. The Department further reported that the canopies remain tangible personal property upon installation and, in fact, canopies have been sold to and reused by other companies.

Michael Dick testified that he is responsible for the installation and removal of Sheetz' canopies and that there is no difference between the manner in which signs are anchored and how the Sheetz canopies posts are anchored. Vernon Weaver established that a manufacturer draws the plan and fabricates canopies and that a purchaser simply buys a complete package. Sheetz also offered a videotape depicting the removal of a canopy from one of the convenience stores operated by Sheetz; and the chief assessor for the Board of Assessment and Revision of Taxes testified that signs are not taxed as real estate in Blair County even though signs are bolted to the ground.

The trial court determined that the canopies are personalty because they are fabricated off premises and purchased as a complete package; may be disassembled and relocated elsewhere with relative ease and minimal damage to themselves or to real estate; Sheetz' canopies have been disassembled and relocated; Sheetz classifies the canopies as equipment for accounting and tax purposes rather than as leasehold improvement; the Department regards the canopies as personal property subject to the sales and use tax; and a federal investment tax credit was allowed for canopies and this credit can only be taken for equipment purchases.

In tax assessment appeals, this Court may not disturb the findings of the trial court absent a clear abuse of discretion or an error of law. *Frowen v. Blank*, 493 Pa. 137, 425 A.2d 412 (1981). Here, the trial court has made findings which this Court should not disturb as the court has neither abused its discretion nor committed an error of law. Section 201 of The Fourth to Eighth Class County Assessment Law, Act of May 21, 1943, P.L. 571, *as amended*, 72 P.S. § 5453.201, defines taxable real estate as follows:

> All real estate, to wit: Houses, house trailers and mobilehomes permanently attached to land or connected with water, gas, electric or sewage facilities, buildings,

ered real estate or personalty, courts of other jurisdictions have found them to be real estate. In *Crown CoCo, Inc. v. Commissioner of Revenue*, 336 N.W.2d 272 (Mich.1983), that case dealt with a 60-by–54 foot canopy moved from another location and installed over Crown's gasoline pumps. As here, the canopy was bolted to concrete footing so as to protect the customers and gasoline pumps from inclement weather. Find-

ing, *albeit* with a different standard, that while the canopy had no walls, it essentially served the same shelter function as a building and the Michigan Supreme Court found that it was real property. In *J.W. Dobbins*, the Arkansas Court of Appeals, finding that a 24-by–32 foot canopy was real estate under a lease, said that the owner of the property was entitled to all improvements made to the land.

lands, lots of ground and ground rents, trailer parks and parking lots, mills and manufactories of all kinds, all office type construction of whatever kind, that portion of a steel, lead, aluminum or like melting and continuous casting structures which enclose, provide shelter or protection from the elements for the various machinery, tools, appliances, equipment, materials or products involved in the mill, mine, manufactory or industrial process, and all other real estate not exempt by law from taxation.

The Board concedes that canopies are not listed as an item subject to taxation under Section 201 but nevertheless argues that canopies fit within the category of all other real estate not exempt by law from taxation.

In *Clayton v. Lienhard,* 312 Pa. 433, 167 A. 321 (1933), the Supreme Court stated that chattels used in connection with real estate are of three classes: those which are not attached to the property and remain personalty; those which are attached to the property and can only be removed with material injury to the property or to themselves and thereby become real estate; and those which are attached but are removable without substantial injury to the chattel or the property and either become part of the realty or remain personalty depending upon the intention of the parties at the time of the annexation. In *Canon–McMillan School Dist. v. Bioni,* 127 Pa.Commonwealth Ct. 317, 561 A.2d 853 (1989), this Court held that an eight hundred-pound lathe which had been removed on occasion to different portions of a school room and which was connected to the realty only by gravity and an electrical connection, falls under the third category as personalty.

Moreover, this Court has indicated that when property falls within the third category, the question of whether property is realty or personalty is one of law to be based on the facts regarding a particular property owners' manifest conduct. *Wilson v. Ridgway Area School Dist.,* 141 Pa.Commonwealth Ct. 607, 596 A.2d 1161 (1991), *appeal denied,* 530 Pa. 650, 607 A.2d 258 (1992). When determining a party's intent, the Court does not consider what a particular party intended his or her legal rights to be, rather what intended use of the property was manifested by the party's conduct. *Wilson.*

Courts give deference to interpretations of regulations and statutes by administrative agencies possessing special or expert knowledge in complex areas of the law, and while not controlling, single judge decisions or those of foreign jurisdictions may also be instructive in determining an issue before this Court. *See Tool Sales & Service Co., Inc. v. Board of Finance and Revenue,* 536 Pa. 10, 637 A.2d 607 (1993), *cert. denied,* —— U.S. ——, 115 S.Ct. 85, 130 L.Ed.2d 37 (1994); *Colston v. Pennsylvania Department of Community Affairs,* 104 Pa.Commonwealth Ct. 165, 521 A.2d 513 (1987); *Marchione v. Unemployment Compensation Board of Review,* 57 Pa.Commonwealth Ct. 439, 426 A.2d 735 (1981). Hence, while not controlling, this Court may consider as guidance a recent ruling by the United States Tax Court which decided the precise issue presented in *Sheetz.*

In *JFM, Inc. v. Commissioner,* 67 T.C.M. 3020, 1994 WL 223949 (1994), the Tax Court applied a test comparable to that specified in *Clayton* and ruled that JFM gasoline pump canopies are in fact personal property for tax depreciation purposes: they are not inherently permanent structures, they are readily removable, and they are constructed in such a manner as not to be permanent. The Tax Court found, among other things, that the JFM canopies ranged in sizes comparable to those in *Sheetz;* the steel superstructures were supported by posts bolted on concrete footings similar to those in *Sheetz;* the canopies could be readily disassembled with minimal damage and have been moved and reinstalled at other locations which likewise has occurred in *Sheetz;* and the canopies were not intended by JFM to be affixed to the land as real estate. Again, *Sheetz* likewise did not intend affixation of its canopies as real estate.

The canopies in the case sub judice clearly fall within the third class of chattels under the *Clayton* test as the trial court findings demonstrate. The canopies can be disassembled and resold without substantial injury to the canopies or to the real estate. Further, Sheetz' manifest conduct in disassembling and relocating canopies, classifying the cano-

pies as equipment for accounting and tax purposes, regarding the canopies as personal property subject to sales and use tax, and intent at the time of installation fully support the trial court's conclusion that the canopies are personalty. Because this Court is bound by the trial court's findings and the law of this Commonwealth, the majority's reversal of the trial court is error.