Ronald W. KIPPS, Appellant,

v.

**SUSQUEHANNA COUNTY BOARD
OF ASSESSMENT.**

Commonwealth Court of Pennsylvania.

Argued Dec. 9, 1999.

Decided Dec. 28, 1999.

Michael T. Baker, New York, for appellant.

Michael J. Giangrieco, Montrose, for appellee.

Before DOYLE, President Judge, and COLINS, J., and JIULIANTE, Senior Judge.

COLINS, J.

Ronald Kipps (Taxpayer) appeals from the order of the Court of Common Pleas of Susquehanna County affirming the Susquehanna County Board of Assessment's denial of a real estate tax assessment ex-

clusion for his hay storage structure pursuant to Section 201(a) of The Fourth to Eighth Class County Assessment Law (Law).[1]

The Taxpayer owns and operates a 187–acre farm on which he grows 780 acres of hay and raises over 200 head of bison.[2] (Notes of Testimony, pp. 5, 7, 19.) He feeds his bison hay 12 months a year. In 1998, the Taxpayer constructed a free-standing hay storage structure, measuring approximately 50x122 feet, in which he stores exclusively hay and mineral blocks that he feeds to his bison. The Taxpayer acknowledged that the structure could be used to house machinery and/or animals, but he testified that he uses it exclusively for storing hay. The hay storage structure is a "quonset hut," having a corrugated metal, semicircular roof that curves down to form its walls, which are set on 2x2x6–foot cement blocks that weigh approximately 3,000 lbs. each. The structure is open at both ends and has a gravel floor; it holds approximately 1,700 square hay bales or 1,200 round bales.

The Board assessed the structure at $12,000 after concluding that it was a barn, and not a grain bin or corn crib. On appeal, after taking testimony, the trial court affirmed the Board in a two-paragraph opinion and order. Noting that exemptions must be strictly construed against the taxpayer, the court concluded that the value of the hay storage structure should be included in the value of the real estate because the Taxpayer's structure is used for the storage of hay, and not corn or grain.

On appeal to this Court, the Taxpayer essentially argues that his hay storage structure is excluded from real estate tax assessment because it is analogous to a grain bin or corn crib in that it was intended for, and is used exclusively for, the storage of animal feed for use on his farm. In the alternative, the Taxpayer argues that the structure is not subject to assessment as real estate because "the structure is not among the named items specifically mentioned under § 5453.201 of the Code, nor does it fit the definition of "all other real estate not exempt by law from taxation" because it is not a fixture." (Appellant's brief, p. 9.)

Section 201(a) of the Law, entitled "Subjects of Taxation Enumerated," provides in pertinent part,

> The following subjects and property shall as hereinafter provided be valued and assessed and subject to taxation for all county ... purposes, at the annual rate,
>
> (a) All real estate, to wit: Houses, house trailers and mobilehomes ..., buildings, lands, lots of ground and ground rents, trailer parks and parking lots, mills and manufactories ..., and all other real estate not exempt by law from taxation.... **No free-standing detachable grain bin or corn crib used exclusively for processing or storage of animal feed incidental to the operation of the farm on which it is located, ... shall be included in determining the value of real estate used predominantly as a farm.**

72 P.S. § 5453.201(a) (emphasis added).

■ "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921(b). In this case, the statute by its plain meaning excludes from assessment and taxation any freestanding, detachable grain bin or corn crib used exclusively for storing animal feed incidental to the farm's operation. The Taxpayer's hay storage structure is neither a grain bin nor a corn

---

**1.** Act of May 21, 1943, P.L. 571, *as amended*, 72 P.S. 5453.201(a).

**2.** We are at a loss to explain how it is possible to grow that much hay on that much land while raising over 200 head of bison, but those are the number to which the Taxpayer testified.

crib; therefore it is not excluded from assessment and taxation as such.

We reject the Taxpayer's argument that his structure should be excluded because it is used exclusively for the storage of animal feed. Clearly, the statute does not exempt all animal feed storage structures, and by crafting the exclusion as it did, the General Assembly made that intention clear. We will not ignore the words "grain bin or corn crib" to extend the exclusion to the Taxpayer's hay storage structure any more than we would ignore the words "free-standing" and "detachable" to extend the exclusion to a traditional silo, attached to a barn, that is used to store grain or corn used as animal feed.[3] Similarly, we will not conjecture as to what the General Assembly may have intended to exclude from taxation beyond what it clearly did exclude.

■ Next the Taxpayer argues that if the hay storage structure is not excluded as a grain bin or corn crib, it is otherwise not specifically mentioned in Section 201(a) and therefore falls under the catchphrase, "all other real estate not exempt by law." As such, the Taxpayer argues, the structure is not taxable because it is personalty and not realty. Initially, we note that we agree with the Board that the Taxpayer waived this argument by failing to raise it before the trial court.[4] Had the argument been preserved, we would agree with the Board that the structure is taxable under Section 201(a) as a "building" and that the structure is realty under *In re Sheetz, Inc.*, 657 A.2d 1011 (Pa.Cmwlth.), *petition for allowance of appeal denied*, 542 Pa. 653, 666 A.2d 1060 (1995).

■ In *Sheetz* we adopted the reasoning of a Michigan court, stating that the permanence of the structure is not to be equated with perpetuity; rather the fact that the structure can be disassembled and moved does not mean that the intention was not to make them permanent. "It is sufficient if the item is intended to remain where affixed until worn out, until the purpose to which the realty is devoted is accomplished or until the item is superseded by another item more suitable for the purpose." *Id.* at 1014 (quoting *Michigan National Bank v. City of Lansing*, 96 Mich.App. 551, 554, 293 N.W.2d 626, 627 (1980), *affirmed*, 414 Mich. 851, 322 N.W.2d 173 (1982)). In this case, we agree that the hay storage structure is taxable as a building and that it is a fixture, taxable as real estate.

■ We understand the Taxpayer's frustration upon being confronted by the apparent inequity of a taxing scheme that excludes from assessment and taxation structures used to store food for grain-fed cattle, but does not afford a similar exclusion for structures used to store food for other ruminants such as bison, which feed almost exclusively on hay. However, courts may not rule upon the wisdom of a taxing scheme, but merely on its constitutionality.

■ Finally, we deny the Board's request for attorney's fees and costs under Pa. R.A.P. 2744 on the ground that the Taxpayer's appeal was frivolous. In our opinion, the Taxpayer's appeal was based on a reasonable, albeit erroneous, interpretation of the statute.

**3.** In Section 201(a) of The General County Assessment Law, Act of May 22, 1933, P.L. 853, *as amended*, 72 P.S. § 5020–201(a), which Section 201(a) of the Law closely mirrors, the General Assembly specifically excluded silos used for processing or storing animal feed in addition to grain bins and corn cribs.

**4.** The Taxpayer's petition to the trial court claimed that the structure was excluded from

taxation only on the ground that it was analogous to a grain bin or corn crib. (Petition for Review of Decision of the Susquehanna County Board of Assessment, paragraph 4.) The Taxpayer's statement attached to the Petition as Exhibit B averred that the structure is "temporary" and readily be disassembled and reassembled at a different site in a "matter of days"; it did not allege that it was personalty and not realty.

Accordingly, the order of the trial court is affirmed.

## *O R D E R*

AND NOW, this 28th day of December 1999, the order of the Court of Common Pleas of Susquehanna County in the above-captioned matter is affirmed.