# Shenandoah Mobile Company v. Dauphin County
## Board of Assessment Appeals

C.P. of Dauphin County, no. 2003 CV 3196 TX.

*Carl Risch,* for appellants.
*Carl G. Wass,* for appellee.

BRATTON, *J.,* May 24, 2004—Appellants have appealed the decision of the Dauphin County Board of Assessment Appeals which upheld the tax assessment with regard to a telecommunications tower located in Swatara Township, Dauphin County, Pennsylvania. Appellant Shenandoah Mobile Company is the owner of the monopole tower itself, and appellant Shenandoah Personal Communications Company is the owner of an antenna attached to the top of the tower and the other equipment located at the site. The matter came before this court for hearing on March 10, 2004, at which many of the facts of this case were the subject of a stipulation and therefore very few facts are in dispute.

Both the telecommunications tower and the related equipment (the tower) are located on land owned by James Pagliano III, and Sara Jane Pagliano at 4349 Chambers Hill Road in Swatara Township. The appellants

leased approximately 1,600 square feet of land from the Paglianos on which was built a concrete pad, a monopole cell tower, an equipment shed or box, and a perimeter fence.[1] On February 11, 2000, Swatara Township issued a building permit to the Paglianos for the construction of the tower on the Paglianos' property on Chambers Hill Road.

Dauphin County had completed a countywide reassessment of all real property in 2000, but the tower was not deemed to be a proper subject of assessment for real estate tax purposes during the process of that countywide reassessment. But in March of 2001, the Dauphin County Tax Assessment Office decided to identify all cellular or wireless communication towers in Dauphin County and to assess the value of those towers and pads as improvements to real estate. The tax assessment office sent out "notices of change in assessment" to tower owners on December 19, 2002. The appellants received such a notice, which stated that the tower at 4394 Chambers Hill Road would be subject to real estate taxation. On the appellants' appeal, the Dauphin County Board of Assessment Appeals found that the appellants' tower and associated equipment were properly assessed as improvements to real estate, and thus denied the appeal. The two issues raised by this appeal are:

(1) Whether the assessment of the tower in question constitutes an unlawful "spot reassessment," and

---

1. In fact, the appellants' predecessor in interest, Sprint, had entered into a "site agreement." Shenandoah acquired the tower as part of its acquisition of the assets of Sprint, which included the leasehold rights under the site agreement.

(2) If not, whether the tower is real estate subject to real estate taxation.[2] We will deal with each of these issues in turn.

First, we note that boards of assessment appeals are prohibited from engaging in spot reassessment.[3] According to 72 P.S. 5348.1,

"The board shall not engage in the practice of spot reassessment. In the event that the board does engage in the practice of spot reassessment, the property owner may appeal the assessment to the board or to the court as set forth in this Act. Upon a finding by the board or an adjudication by the court that the property owner has been subjected to a spot reassessment, the property owner shall be entitled to a refund of any taxes paid pursuant to a spot reassessment and interest thereon at the same rate and in the same manner as the Commonwealth is required to pay interest pursuant to section 806.1 of the Act of April 9, 1929 (P.L. 343, no. 176), known as 'The Fiscal Code.' "

The appellants have argued that the tax assessment office illegally spot reassessed the tower because the tower was in place during the 2001 countywide reassessment, but was not added to the tax rolls until December of 2002.

In support of their position, the appellants cite our Commonwealth Court's holding in *Radecke v. York County Board of Assessment Appeals,* 798 A.2d 265 (Pa.

---

2. The amount of the assessment, $117,300 for improvements only, is not contested.

3. Spot reassessment is defined by statute as "the reassessment of a property or properties that is not conducted as part of a countywide revised reassessment and which creates, sustains or increases disproportionately among properties' assessed values." 72 P.S. §5342.1.

Commw. 2002). In *Radecke,* the issue on appeal was whether the taxpayer's property was impermissibly spot reassessed when the York County Assessment Office increased the assessment of the subject property by including the value of improvements—including an air conditioning system, concrete patio, an enclosed masonry porch, and a second full bath—which had been overlooked in the preceding countywide reassessment. The court said, "[w]ith respect to property assessment principles, it is generally acknowledged that once an evaluation has been established for a taxable property, that valuation cannot be changed unless said change is the result of a countywide reassessment." *Id.* at 267. (footnote omitted) The *Radecke* court agreed with the taxpayer and found that the board improperly approved an increased assessment on the taxpayer's property, the essence of which was to bring the property in line with the fair market value of other properties in the neighborhood. *Id.* at 268.

However, the board has argued that in the instant case no *change* in assessment value has occurred; rather an entirely *new* assessment has occurred which is limited to the *new* tax parcel, *i.e.* the tower, owned by the appellants. Changes or additions in the assessed valuation of real property are not per se unlawful simply because they occur outside a countywide reassessment. In fact, section 13 of the Third Class County Assessment Law states,

"[T]he board is authorized to make additions and revisions to the assessment roll of persons and property subject to local taxation at any time in the year, so long as the notice provisions of subsection (b) of section 8 are complied with. All additions and revisions shall be a supplement to the assessment roll for levy and collec-

tion of taxes for the tax year for which the assessment roll was originally prepared, in addition to being added to the assessment roll for the following calendar or fiscal tax years." 72 P.S. §5348(f).

Prior to December 19, 2002, the tax assessment office and the board did not consider cellular towers and their related equipment to be property subject to taxation. But in response to an unreported Commonwealth Court decision in March of 2001, the assessment office deemed cellular towers and their concrete bases to be property subject to local taxation and, for the first time, added all such structures to the Dauphin County tax rolls for purposes of real estate taxation. The tower in question was not assessed as part of the underlying land; rather it was given its own new tax parcel number.[4] We agree with the appellees that this was not a change in assessment, but rather a completely new taxable parcel added to the assessment roll. Therefore, we find that the assessment office properly added the cellular towers to the assessment rolls in accordance with 42 P.S. §5384(f) above, and their actions do not constitute a spot reassessment.

With regard to the appellants' second issue, we find that the concrete pad, cell tower and accompanying improvements are real estate subject to local taxation. The appellants argue that because the tower is annexed to the property by nuts and bolts and can be removed, it is personalty rather than real estate. They also note that the site agreement entered into by the appellants and the Paglianos provides at paragraph 7, "[u]pon termination or expiration of this agreement, [appellant] may remove

---

4. The assessment office gave the tower its own tax parcel number, 63-027-029-0010001. The underlying land, owned by the Paglianos, has assigned to it tax parcel number 63-027-029.

its equipment and improvements and will restore the site to substantially the condition existing on the commencement date, except for ordinary wear and tear and casualty loss." The site agreement also provides that, although the original term is only for five years, the term will extend automatically for a total of four additional five-year terms, unless the appellant chooses to terminate the agreement. The agreement cannot be terminated by the underlying landowner. The Commonwealth Court of Pennsylvania has said that the permanence of a structure is not to be equated with perpetuity; rather the fact that the structure can be disassembled and moved does not mean that the intention was not to make it permanent. *In re Sheetz Inc.,* 657 A.2d 1011 (Pa. Commw. 1995). The court said, "[i]t is sufficient if the item is intended to remain where affixed until worn out, until the purpose to which the realty is devoted is accomplished or until the item is superseded by another item more suitable for the purpose." *Id.* at 1014 (adopting the reasoning in *Michigan National Bank v. City of Lansing,* 96 Mich. App. 551, 554, 293 N.W.2d 626, 627 (1980)).

Title 72 P.S. §5020-201 of the General County Assessment Law enumerates those types of property that are subject to real estate assessment and taxation. The assessment office taxed the tower pursuant to the catch-all provision of this section, which states that "all other real estate not exempt by law from taxation" shall be valued and assessed under that section. In 1931, the Supreme Court of Pennsylvania established a test, which remains the law today, to determine whether an object constitutes "real estate" under the General County Assessment Law:

"Chattels used in connection with real estate are of three classes: First, those which are manifestly furniture,

as distinguished from improvements, and not peculiarly fitted to the property with which they are used; these always remain personalty. . . . Second, those which are so annexed to the property that they cannot be removed without material injury to the real estate or to themselves; these are realty, even in the face of an expressed intention that they should be considered personalty—to them the ancient maxim *'Quicquid plantatur solo, solo credit'* [whatever is affixed to the soil belongs to the soil] applies in full force. . . . Third, those which, although physically connected with the real estate, are so affixed as to be removable without destroying or materially injuring the chattels themselves, or the property to which they are annexed; these become part of the realty or remain personalty, depending upon the intention of the parties at the time of the annexation; in this class fall such chattels as boilers and machinery affixed for the use of an owner or tenant but readily removable." *Clayton v. Lienhard,* 312 Pa. 433, 436-37, 167 A. 321, 322 (1933). (citations omitted) (emphasis added)

In the instant case, the appellants argue that the tower falls within the third class above since the pole is attached by nuts and bolts and is removable without injuring the tower itself or the property to which it is annexed, and that it remains personalty since, based on the site agreement, the intent of the parties was that the tower would remain a chattel belonging to the appellants. We disagree.

We find that the tower falls within the second class above since, while the pole itself may be removable without injury, the massive concrete base, which is buried in the ground and anchors and supports the pole, cannot be removed without injury to the real estate. The tower is

thus realty, regardless of the expressed "intention" that it be considered personalty, and will be removed at the end of the term of the site agreement, which is controlled entirely by the appellant and is likely to run a total of 25 years. The tower was therefore properly added to the Dauphin County assessment rolls and made the subject of real estate taxation. We therefore enter the following:

## ORDER

And now, May 24, 2004, upon consideration of the appellants' appeal and after the hearing held on March 10, 2004, the appeal of Shenandoah Mobile Company and Shenandoah Personal Communications Company is hereby dismissed and appellants' request that the assessment of its telecommunications tower, bearing tax parcel no. 63-027-029-0010001, be overturned is hereby denied.